## Case No. 9,379.

### MEANY v. HEAD.

[1 Mason, 319.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1817.

REPLEVIN — WHEN LIES — UNLAWFUL TAKING — PLEA OF NON CEPIT—LIENS—JUS AD REM—IN RE.

1. Replevin does not lie unless there has been an unlawful taking from the possession of another. If after a bailment of goods, they are unlawfully converted or detained, detinue or trover and not replevin is the proper remedy.

[Cited in Williamson v. Ringgold, Case No. 17,755.]

[Cited in note to Chinn v. Russell, 2 Blackf. 176. Cited in Marshall v. Davis, 1 Wend. 113. Distinguished in Kimball v. Adams, 3 N. H. 184. Cited in Osgood v. Green, 30 N. H. 216; Ramsdell v. Buswell, 54 Me. 548; Holmes v. Doane, 3 Gray, 330. Approved in Richardson v. Reed, 4 Gray, 443.]

2. A lien is neither a jus ad rem, nor a jus in re, but a simple right of retainer. It is therefore not attachable as personal property, or as a chose in action of the person, who is entitled to it.

[Cited in The Alida, Case No. 199; Raft of Spars, Id. 11,528.]

[Cited in McMahan v. Green, 12 Ala. 71; Andrews v. Burdick, 62 Iowa, 722, 16 N. W. 279. Approved in Smith v. Jewett, 40 N. H. 513.]

3. Non cepit in replevin puts in issue the question of general property only, and not of special property; at least in a suit between the principal and his agent. On non cepit, the issue must be for the defendant, if there was not a wrongful taking of the goods from the possession of another.

[Cited in Marshall v. Davis, 1 Wend. 113.]

Replevin for two hundred barrels of rye flour. Plea, that the property of the goods at the time, when, &c. was in one Charles W. Greene, and not in the plaintiff [John Meany]. Replication denying the plea, and alleging property in the plaintiff; upon which an issue was taken to the country. At the trial, it appeared that the goods were the property of the plaintiff, and had been con-

signed by him to Charles W. Greene, for sale; and Mr. Greene placed them in the store of the defendant [Charles Head] on storage. Mr. Greene having failed in business, a Mr. Haskins, as a creditor of Greene, on the 5th of February, 1817, sued out a trustee writ against Greene and the defendant, as his trustee; and process was actually served on the defendant, on the 5th of the same month. Upon the 6th of the same month, the plaintiff gave notice to the defendant, that certain wheat flour, and other merchandise, placed in his hands by Mr. Greene, and on which he had advanced money, was his property, and requested him to hold the same on his account; and stated that Mr. Greene had no authority to place it in the defendant's hands for any purpose. It appeared by the defendant's books, which the plaintiff called for, that the defendant had advanced $3,500 on this wheat flour, but nothing on the flour sued for. On the 15th of the same month, the plaintiff, having paid all the demands, which the defendant had for storage and truckage of the said flour, and the defendant refusing to deliver over the same to him, sued out the present writ of replevin. At the commencement of this suit, a large sum of money, being the balance of accounts, was due from the plaintiff to Mr. Greene, as his agent and factor; and on the first day of October, 1817, there still remained due to him the sum of $1,826. There was no proof that either before, or at the time of the service of the writ of replevin, or at any time since, Mr. Greene authorized the defendant to hold the flour sued for, or any part thereof, for him, to secure his (Mr. Greene's) lien for the balance of the accounts due him. The evidence was, that the defendant received the said goods simply on storage. And at the trial, Mr. Greene swore, that he never gave any authority to Mr. Head to detain them for his (Mr. Greene's) lien; and he now expressly waived all his lien for such balance; and requested and authorized the defendant to suffer judgment to go in favor of the plaintiff. It further appeared in evidence, that on the 7th of December, 1816, a trustee process was issued from the district court of Pennsylvania against the plaintiff, as trustee of C. W. Greene, at the suit of William Payne and Co., which was served on the 10th of the same month on the plaintiff.

Upon these facts, by consent, a verdict was taken for the plaintiff, under the direction of the court. The defendant to be at liberty to move for a new trial, and if upon the facts the court were of opinion, that the plaintiff was not entitled to recover, then the verdict was to be amended, and a verdict entered for the defendant. And it was farther agreed by the parties, that if the defence of the lien of Mr. Greene could not be asserted under the present plea, then, that the court in its discretion, might, if the justice of the case required it, set aside the verdict, and grant a new trial, and give liberty to the defendant to amend his plea.

The case was shortly argued upon the motion for a new trial.

Mr. Welsh, for plaintiff.

Mr. Gorham, for defendant.

STORY, Circuit Justice. There is no pretence of a general property in Mr. C. W. Greene; and the plea puts in issue, so far as respects the parties to this suit, the general property only in the goods replevied. Nor had Mr. Greene any special property in the goods; for he had a lien only for the general balance of his account, as a factor; and a lien, as has been well observed in Brace v. Duchess of Marlborough, 2 P. Wms. 491, is neither a jus ad rem, nor a jus in re. The lien of a factor is a mere right of retaining the goods of his principal, until his demands in that capacity are settled; and it gives the factor a rightful possession, which cannot be devested without his own consent. But as against his principal, it gives him no general or special property, whatever may be the case in respect to mere strangers. Hammonds v. Barclay, per Grose, J., 2 East, 235; Lickbarrow v. Mason, per Buller, J., 6 East, 25, note; Wilson v. Balfour, 2 Camp. 579. And in the present case, Mr. Greene never authorized the defendant to assert any claim for a lien on his account. On the contrary, Mr. Greene now expressly waives any claim for a lien on account of his general balance, and justifies the defendant in abandoning it; and the defendant has been paid his own charges for storage. Under these circumstances a return irreplevisable could not, under any acknowledged form of pleading, be awarded by the court.

It is as clear, that the lien of Mr. Greene is not an attachable interest under the trustee process served on the defendant, either as personal property, or as a chose in action, due from the defendant to Mr. Greene. The only doubt, that I have ever entertained, is, whether a writ of replevin was a proper remedy in this case. At common law a writ of replevin never lies, unless there has been a tortious taking, either originally, or by construction of law, by some act, which makes the party a trespasser ab initio. In case of a bailment, or rightful possession of the property, replevin is certainly not the proper remedy at common law; but detinue or trover lies in such case, where there is an unjustifiable detention or conversion. This doctrine is very fully expounded and justified by Lord Redesdale in some recent cases (Ex parte Chamberlain, 1 Schoales & L. 320; In re Wilson, Id. 321, note; Shannon v. Shannon, Id. 324, 327. See, also, Galloway v. Bird, 4 Bing. 299); and has been recognised by a very learned judgment in our country (Pangburn v. Patridge, 7 Johns. 140). Nor has the statute of replevin of Massachusetts (Act June 25, 1789, c. 26, § 4) altered the com-

mon law in this respect. It gives the remedy only, when goods are taken, distrained, or attached, which are claimed by a third person, who thinks proper to replevy them. The act requires, that there should be a wrongful taking, distress or attachment from the possession of another; for the count in the statute, expressly alleges the goods to be taken unlawfully, and without justifiable cause.

Under the circumstances of this case, if the issue had been non cepit, it must have been found for the defendant; for he never took the goods in any legal sense from the possession of another. He received them on storage; and the delivery to him was a lawful delivery, upon a bailment for safe keeping. Non cepit puts in issue the fact of an actual taking; and unless there be a wrongful taking from the possession of another, it is not a taking within the issue. A wrongful detainer after a lawful taking is not equivalent to a wrongful original taking.

But if on non cepit, the issue would have been found for the defendant, no return could have been awarded to him. It would therefore after all be but a mere question as to costs; and as the parties have agreed in no event to claim any costs, there is no reason for entertaining the motion for a new trial, since the merits are clearly against the defendant. The motion is overruled, and the judgment must pass for the plaintiff upon the verdict.    Portland Bank v. Stubbs, 6 Mass. 422.