Wilde, J.,
delivered the opinion of the Court.
One objection to the form of the action, made at the trial by the defendant’s counsel, has been very properly waived; for it has been repeatedly determined by this Court that replevin lies for goods unlawfully detained, although there may have been no tortious taking. Such is clearly the law of Massachusetts, whatever may be the law of England. By the terms of the writ the officer is commanded to replevy the goods and chattels claimed by the plaintiff, whether “ taken, detained or. attached, (as the case maybe).” This mandatory clause in the writ, the form of it being prescribed by statute, *494 we consider as equivalent to an express provision authorizing the party whose goods have been taken, detained or attached, to maintain replevin (8).
As to the merits, the first question to be determined is, whether there was an absolute sale to Holt of the goods replevied, and whether it was valid and complete before the attachment made by the defendant.—The evidence relating to this point has been submitted to the consideration of the jury, who were satisfied that the sale was not absolute, but conditional; that the property was not to vest in Holt, by the agreement of the parties until he should pay 100 or 150 dollars; which was not done; and on that ground they found that the goods remained the property of the plaintiff, notwithstanding the intended sale. There is nothing in the evidence to raise a doubt of the correctness of this decision. The jury were not only authorized, but constrained, as it appears to me, to draw the conclusion they did on this point, in favor of the plaintiff.
Considering, then, the fact well established that the contract of saie was conditional, the next question is, whether the plaintiff has waived the condition. The defendant’s counsel contend that he nos • first, by the delivery of the goods, and, secondly, [ * 611 ] by other proceedings, since *the delivery, affirming the sale. These, however, were matters for the jury, and they have decided them in favor of the plaintiff. So that the only question is, whether their verdict is supported by competent evidence.
As to the delivery of the goods, it has been argued that payment after the delivery would not be a good performance of the condition by which it was stipulated, that part of the price of the goods should be paid down, that is, at the time of the delivery; and, therefore, that the delivery of the goods by the plaintiff, without insisting upon payment according to the contract, was necessarily a waiver of the condition. This inference would be just and conclusive in favor of the defendant, if the delivery had been absolute and unconditional ; but the jury have found that there was a condition attached to the delivery, as well as to the contract; and that it was agreed by the parties that the property was not to vest in Holt, not withstanding the delivery of the goods at the wharf, until the payment of that part of the price agreed to be paid down. That such was the case, appears by the express declaration of the plaintiff, that *495 there was no sale, to which Holt assented ; and by other conversation between the contracting parties at the time Holt paid the 75 dollars.
Such being the agreement at the time of the delivery of the goods, and before any bill of parcels had been made out, the property was not changed by the delivery. This point was decided in the case of Hussey & Al. vs. Thornton & Al. 4 Mass. Rep. 405. The actual delivery of goods does not of itself transfer an actual ownership in them; to perfect the title of the vendee, there must be a consummation of the contract of sale. Mason vs. Lickbarrow, 1 H. Black. 362. 4 B. & P. 257. Thus far, then, the verdict seems to be warranted by unquestionable evidence.
The remaining question is more difficult. The delay of the plaintiff in reclaiming the goods as his property, and his several suits against Holt for the price, were strong evidence of a waiver; and if the jury, upon this evidence, * had re- [*612] turned their verdict for the defendant, we should not have felt ourselves authorized to disturb it. But these facts are no* conclusive, but are open to an explanation. The Court of King’ Bench held, in the case of Smith & Al. vs. Field, 5 D. & E. 403, that the plaintiffs could not recover in trover for goods sold, after they had instituted a proceeding in the sheriff’s court, by attachment for the price; although the plaintiffs derived no benefit therefrom ; the proceedings on the attachment having been stayed by injunction from the Court of Chancery. And Lord Kenyon said, such an act “ was incapable of being explained away.” I admit that it was so in that case ; for the question was, whether the contract of sale had been rescinded. The plaintiffs had no title on any other ground. The vendee was desirous of rescinding the contract, but the vendors would not consent. On the contrary, they affirmed the contract, after the bankrupt’s situation had been explained to them, and considered the goods as his property. Their acts, whatever might have been their motives or mistakes, showed conclusively that the contract had not been rescinded.
The present case is different; for this is a conditional contract, and the condition not having been performed on the part of Holt, the plaintiff is not bound to show that the contract has been rescinded.—What, then, are the facts, from which the counsel for the defendant infers, that the plaintiff intended to waive his legal rights ?—The writ of replevin was sued out on the 23d of November, the day after the sale: but it was not served until the 8th of February following. In the mean time the plaintiff brought assumpsit for the price of the goods, and attached them as Holt’s property; and he afterwards instituted a new suit for the same *496 cause of action, in which Holt was held to bail. The inference from these facts would unquestionably be, that the plaintiff had waived the condition, and affirmed the sale, were it not repelled, in some measure, by other evidence. [ * 613 ] * The reason for not prosecuting the writ of replevin, as urged at the trial, was that there had been a transfer of the goods from Holt to Small, which the plaintiff was informed was boná fide, although it turned out to be fictitious. The same reason was also given for the several suits for the price of the goods. This explanation was deemed satisfactory by the jury; and we cannot say, that their determination on this point was inconsistent with the evidence.
As to the repayment of the 75 dollars, it was not necessary; as this case does not depend upon the rescinding of the contract.
For these reasons, the motion for a new trial must be overruled, and judgment must be entered according to the verdict.

 [Nothing can be inferred from the form of the writ, which does not, in the clause referred to, differ essentially from the English writ.—See Meany vs. Head, 1 Mason, 319, and the notes to Baker vs. Fales, 16 Mass. 147.—Badger vs. Phinney, 15 Mass. 359.—Ilsley & Al. vs. Stubbs, 5 Mass. 280. But the law has been altered.—Be vised Statutes, chap. 113, sec. 27 — Ed.]