Oldham, J., delivered the opinion pf the court. Hattier brought his action of replevin in the cepit and detinet in the circuit court of Pulaski county against Trapnall for the recovery of the negro man slave named in the declaration. Trapnall filed three pleas, “non cepit,” “property in himself,” and that “the plaintiff’s cause of action did not accrue within two years next preceding the institution of the suit.” To the first two pleas the plaintiff joined issue, and to the third replied “beyond seas;” and upon the issues thus formed, the cause was submitted to the deter-, mination of the court without the intervention of a jury, and upon the testimony there was a finding and final judgment for the plaintiff. As some confusion and irregularity seems to exist in practice in reference to the action of replevin, we have deemed it proper to look into the authorities, with a view to determine in what respect the ¡common law action has been altered, modified pr .extended by our Revised Statutes. At common law this action was usually brought to try the legality of a distress, but it will lie for any unlawful taking of a chattel. In Bangburn vs. Patridge, 7 John R. 143, Mr Justice Van Ness, in delivering, the opinion of the court, said that “possession by the plaintiff and an actual wrongful taking by the defendant are the only points requisite to support the action;” and further that “the old authorities are that replevin lies for goods taken tortiously or by a trespasser, and that the party .injured may have replevin or trespass at his election.” In 1 Tidd’s Practice, 7, it is laid down that replevin will lie for the recovery ,of damages for an immediate wrong without force in taking away .and detaining cattle or goods, and answers to the action of de bo-nis asportatis. It is defined to be a judicial writ to the sheriff com.plaining of an unjust taking and detention of goods and chattels. Gil. Replevin 58. In Meany vs. Heard, 1 Mason 319, Judge Story held that “at common law a writ of replevin never lies unless there has -been a tortious taking either originally or by construction of law by some act which makes the party a trespasser ab initio. It has been decided by the Supreme Court of New York, in various cases that “possession of personal chattels by the plaintiff, and an actual wrongful taking by the defendant, are sufficient to support replevin, and that it may be brought when trespass de bonis aspor-tatis will lie. Bangburn vs. Patridge, 7 John R. 140. Hopkins vs. Hopkins, 10 John R. 369. Thompson vs. Button, 14 John R. 84. Gardner vs. Campbell, 15 John R. 401. Clark vs. Skinner, 20 John R. 465. Marshal vs. Davis, 1 Wend. R. 110. Wheeler vs. McFarland, 10 Wend. 318. Rogers vs. Arnold, 12 Wend. 30. And so it was held by the Supreme Court of New Jersey, in Bruen vs. Ogden, 6 Halstead, 370. In Massachusetts and Pennsylvania, a more extensive application has been given to this remedy, and it has been held by the courts of those States that this action lies for goods unlawfully detained, although there may have been uo tortious taking. Badger vs. Phinney, 15 Mass. R. 359. Baker vs. Phales, 16 Mass. R. 147. Weaver vs. Lawrence, 1 Dallas 156. But we conceive that the whole weight of authority is in favor .of the doctrine as above stated, and wdiich has received the sanction of this court in several cases. Gray vs. Nations, 1 Ark. R. 557. Wilson vs. Royster, 2 Ark. R. 315. Pirani vs. Barden, 5 Ark. R. 281. Judge Paschal, in delivering the opinion of the court in Pirani vs. Barden, remarked that “the case of Robinson vs. Calloway, 4 Ark. R. 94, was decided after the passage of our Revised Statutes and necessarily overruled the principle in Wilson vsl Royster; the latter (former) decision being in conformity with the Revised Statutes, which declare the effect of the plea.” The case of Robinson vs. Calloway was a proceeding in the detinet under the Statute, and upon a careful examination of that decision and the* Statute, we do not conceive that it in any respect conflicts with the previous adjudications of this court. Rev. St. ch. 126, sec. 1, enact that whenever any goods or chattels are wrongfully taken or wrongfully detained, an action of replevin may be brought by the person having the right of possession, and for the recovery of damages sustained by reason of the unjust caption or detention. In this section two distinct classes of cases are mentioned, for each of which the statute has prescribed a distinct and substantive remedy: 1st, where chattels are wrongfully taken; and 2d, where they are wrongfully detained. We can regard the statute in reference to the first class of cases in no other light than a re-enactment of the common law, but for the second a new statutory remedy is given, applicable to cases where, from peculiar circumstances, the plaintiff cannot be compensated in damages for the chattels, and for which the ordinary action of replevin will not lie; and also that the plaintiff may not be compelled to trust to the solvency of the defendant .as in trespass, trover, and other actions of like character. We are warranted in this construction by the subsequent provisions of the statute itself. The affidavit is to be varied for its adaptation to the particular character of the case, whether for the taking, or the detention of the chattel; and if the action is for the unlawful detention, the substance of the declaration and plea are prescribed, and the facts thereby put in issue are declared. See sec. 30 and 34. But if the action be for the wrongful taking of the property, the plaintiff by the silence of the statute is left to adopt the ordinary common law declaration; in which nase, sec. 33 declares that the general issue shall be as heretofore, that is, non cepit. It is therefore clear, that the remedy provided in this statute, in all cases where a wrongful caption or taking is complained of, is the common law action of replevin, applicable to the same cases, subject to the same pleas and requiring the same proofs, and that the remedy given in cases of wrongful detention is a new remedy resting alone upon the statute for its support; dependent upon it for its existence, and when adopted must be strictly pursued. Under this construction of the statute we cannot perceive that the case of Robinson vs. Calloway in any respect comes in conflict with or overrules the previous adjudications of this court. In this action the plaintiff has declared for the unlawful or tortious taking of the negro man named in the declaration, and the issue being non cepit, the fact of the tortious taking is put in controversy. We will now proceed to inquire whether the testimony supports the issue, or, in other words, whether there has been such a tortious taking as will sustain an action of trespass cle bonis asportatis. Some two, or three years before the bringing of this suit Hattier had the negro in controversy in his possession in New Orleans and held him by a good title; the negro ran away and was afterwards sold at auction in Natchez, where he was bought by Brown, by whom he was sent to Little Rock and afterwards sold to Trapnall' for a valuable consideration, and who supposed he was purchasing a good and undoubted title. The plaintiff’s title was fully established at the trial, and the only question was as to the taking. The defendant, so far from being a trespasser, was an innocent purchaser without notice; had no agency or connection whatever with the trespass, if the negro was taken away, and had no knowledge whatever of the plaintiff’s paramount title. Under such circumstances we can find no authority whatever that would authorize a recovery against him in an action of trespass, and therefore we conclude that a replevin for an unlawful taking is not supported by such proof. In Harrison vs. Mc Intosh, 1 John R. 384, the court held in the opinion by Chief Justice Kext, that “a deposit by a person having no property in the goods, and who might have come to the possession of them tortiously, could give the plaintiff’ no right to replevy them.” We can'see no difference in principle between a deposit by a person having no propely in the goods,' but comes to the possession of them tortiously, and a sale made by such person to one ignorant of the paramount title of the rightful owner for a valuable consideration. In such a case the law will not harshly construe the innocent purchaser into a trespasser, and subject him to an action of trespass or replevin. If these positions-be correct, and of which we entertain no doubt, the finding of the-circuit court upon the issues was wholly unwarranted by the evidence. The judgment of the circuit court is therefore reversed.