## LOVETT *v.* BROWN.

A mechanic's or manufacturer's lien is neither a *jus ad rem* or a *jus in re* but a simple right of retainer, personal to the party in whom it exists, and not assignable or attachable as personal property, or as a chose in action, of the person entitled to it.

CASE, against the defendant as sheriff of this county, for the default of his deputy, A. C. Clement, under the following circumstances:

In the spring of 1857, E. N. & S. N. Cummings hired a

brick-yard, in Plaistow, and employed John Greenwood to manufacture bricks for them thereon, at $2.15 per thousand. Greenwood hired four or five men, and worked himself, in manufacturing bricks under this agreement, until October 7, 1857, at which date both Greenwood and the Cummings failed, the Cummings then owing Greenwood for services and expenditures upon the bricks manufactured, the sum of $303, and Greenwood having in his possession bricks, which he had manufactured, of greater value than that sum. The plaintiff, one of the men employed by Greenwood, sued him, and attached his interest in the bricks in his possession. The creditors of the Messrs. Cummings, subsequently, on the same day, sued them, and attached their interest in the bricks. It was afterward agreed, by all the parties interested, that the bricks should be sold by Clement, the deputy who made the attachments, and the proceeds be applied as the law might direct.

If Greenwood had an attachable interest in the bricks in the brick-yard, judgment to be rendered for the plaintiff for the amount of his debt, interest and costs; otherwise for the defendant.

*Tuck,* for the plaintiff.

*Stickney,* for the defendant.

Fowler, J. The agreement between Greenwood and the Cummings gave to Greenwood no attachable interest in the bricks afterward manufactured by him for them under that agreement. At most, he could only have had a mechanic's or manufacturer's lien upon those bricks while he retained possession of them, for his compensation for making them; but this lien was personal to himself, and neither assignable to or attachable by his creditors. It was neither a *jus ad rem,* or a *jus in re,* but

a simple right of retainer, personal to Greenwood, not assignable or attachable as personal property, or a chose in action, belonging to him. *Meany* v. *Head*, 1 Mason 319; *Holly* v. *Huggeford*, 8 Pick. 73–76; *Jones* v. *Sinclair*, 2 N. H. 321; *Daubigney* v. *Duval*, 5 D. & E. 606; *The Case of an Hostler*, Yelv. 67, and note; Montague on Lien; *Rushforth* v. *Hadfield*, 6 East 523, n. 2; *Green* v. *Farmer*, 4 Burr. 2214; Story on Ag., sec. 351, *et seq.*, and authorities; 2 Kent's Com. 635, and note; *Grinnell* v. *Cook*, 3 Hill 491; *Wilson* v. *Martin*, 40 N. H. 88.

As there is nothing stated in the case tending to show Greenwood could have had any attachable interest in the bricks, according to its provisions, there must be

*Judgment for the defendant.*