## John Seaver *versus* Annis A. Lincoln.

A demand on the maker of a note payable on demand, made on the seventh day from the date, was *held* to have been made within a reasonable time, to charge the indorser.

Where a writ is filled up provisionally and delivered to an officer with instructions not to serve it until after a certain time or the happening of a certain event, the action will not be deemed to have been commenced until the *service* of the writ.

Thus, where a writ against the indorser of a note was delivered to an officer with instructions not to serve it until after he had given the indorser notice of the non-payment of the note by the maker, and the writ was not in fact served until after such notice had been given, it was *held*, that the action was not commenced until the service of the writ.

This was assumpsit against the indorser of a promissory note for the sum of $1000, dated April 25, 1837, made by Brayton, Slade & Co., and payable to the order of the defendant, on demand, with interest.

The trial was before *Dewey* J.

The defence rested on the ground, that there had not been such a demand on the makers and such a notice to the defendant, as were required by law.

The evidence on this point was derived from the testimony of Dean Burt ; who stated, that he received the note in suit from the plaintiff, on May 2, 1837, enclosed with a writ against the makers ; that his directions were, to demand payment of the makers, and, in case of non-payment, to serve the 'writ ; that on the same day he presented the note to Slade, one of the makers, and demanded payment thereof; that Slade refused to pay the same ; and that the witness made service afterwards of the writ upon the makers. Burt further testified, that the plaintiff placed in his hands the writ in the present action, with directions not to serve it before giving the defendant notice of the non-payment of the note by the makers, and not to serve it at all, if the defendant should pay the note upon receiving such notice ; that on May 3, 1837, in pursuance of the request of the plaintiff, he presented the note to the defendant, and demanded payment, and then notified to him the non-payment thereof by the makers ; and the writ was not served until after the defendant had refused to pay the note.

It was agreed by the parties, that the plaintiff resided at

Taunton, and the makers at Fall River, eighteen miles distant and that the defendant resided at a place six miles north of Taunton and twenty-four miles distant from Fall River.

The defendant objected to the demand on the makers and the notice to the defendant as indorser, on the ground that they were not personally made or given. He also contended, that the action could not be maintained, because the writ was made before making the demand and giving the notice to the defendant.

There being no question of fact in dispute, the cause was taken from the jury, it being agreed by the parties, that if the whole Court should be of opinion, that the plaintiff was entitled to recover, the defendant should be defaulted, and that, otherwise, the plaintiff should become nonsuit.

*Oct. 27th.* *Warren* and *Colby*, for the plaintiff, to the point, that payment was demanded of the makers within a reasonable time, cited *Vreeland* v. *Hyde*, 2 Hall's (New York) R. 429 ; *Mohawk Bank* v. *Broderick*, 10 Wend. 304 ; *Field* v. *Nickerson*, 13 Mass. R. 131 ; *Sice* v. *Cunningham*, 1 Cowen, 397 ; *Martin* v. *Winslow*, 2 Mason, 241 ; Revised Stat. *c.* 33, § 5, 6 ; and to the point, that the service of the writ, after notice of non-payment was given to the indorser, was to be deemed the commencement of the action, *Badger* v. *Phinney*, 15 Mass. R. 359. [See *Swift* v. *Crocker*, *ante*, 241.]

*A. Bassett* and *Coffin*, for the defendant, on the first point, cited *Field* v. *Nickerson*, 13 Mass. R. 131 ; [see *Stevens* v. *Bruce*, *ante*, 193 ;] and on the second point, *New England Bank* v. *Lewis*, 2 Pick. 125 ; *Carpenter* v. *Butterfield*, 3 Johns. Cas. 145 ; *Lowry* v. *Lawrence*, 1 Caines's R. 69 ; *Bird* v. *Caritat*, 2 Johns. R. 342 ; *Cheetham* v. *Lewis*, 3 Johns. R. 42 ; *Fowler* v. *Smith*, 15 Johns. R. 326 ; *Burdick* v. *Green*, 18 Johns. R. 14.

*Oct. 29th.* SHAW C. J. delivered the opinion of the Court. One of the most difficult questions presented for the decision of a court of law, is, what shall be deemed a reasonable time, within which to demand payment of the maker of a note payable on demand, in order to charge the indorser. It depends upon so many circumstances to determine what is a reasonable time in a particular case, that one decision goes but little way in estab-

lishing a precedent for another. In the present case, however, the Court have no hesitation in stating it as their opinion, that a demand within seven days of the date of the note, was within a reasonable time to charge the indorser. [See *St.* 1839, *c.* 121, allowing sixty days.]

Another objection is, that the writ was actually filled up and delivered to an officer, before the notice was given to the indorser, and so that at the time of the commencement of the action, the plaintiff's right of action had not accrued. But we think that this objection cannot prevail. It appears by the proof, that the writ was filled up provisionally, and given to the officer with instructions not to serve it until after giving notice to the indorser, and in case he should pay the note, then not to make service of the writ at all. When a writ is made provisionally and delivered to an officer with instructions that it is not to be used until after a certain time, or the happening of a certain event, the action cannot be considered as commenced, until the arrival of the time, or the happening of the event. Such was the rule established in *Badger* v. *Phinney*, 15 Mass. R. 359, and it has been acted upon since ; and we can perceive no violation of principle, or danger of inconvenience to arise from such a rule.

Demand being made on the makers at Fall River, notice to the indorser at the distance of twenty-four miles, on the succeeding day, was within due time.

An exception was taken at the trial, but not relied on at the argument, that the demand of payment was not made by the holder personally. I am not sure that I understand the ground of this exception. If it was intended, that the demand was not made and the notice given, by a person duly authorized, it is answered by the proof, that the witness was expressly authorized by parol to make the demand and to receive payment, and he presented the note and had it ready to surrender, either to the promiser or to the indorser upon payment. Such authority was amply sufficient, and payment to the witness would have been a good discharge.

*Defendant defaulted.*