Nelson, C. J.
dissented on the ground that §§ 39 and 40 .(2 R. S. 227,2d ed.) should be construed as not applying to any case where process was delivered to the officer in time, with intent to have it served, and where it has been actually served before the return day.
New trial denied.(a)

 In Massachusetts, if a writ is made provisionally and delivered to an officer with instructions not to serve it until after a certain time, or the happening of a certain event, the action is not deemed to have been commenced until the arrival of the time, or the happening of the event Thus, the plaintiff having put a writ of replevin into the hands of an officer, directing him to demand the property in question, before serving it, and the officer acted accordingly; held, that the suit was to be regarded as not commenced until after the demand. (Badger v. Phinney, 15 Mass. R. 359.) The same doctrine was applied where a writ against the endorser of a note was delivered to an officer, with instructions not to serve it until he had given the endorser notice of non-payment by the maker. (Seaver v. Lincoln, 21 Pick. 267. See also, Swift v. Crocker, id. 241, 2, 3.) These cases will be found in principle, at least, to agree with Walters f Farley v. Sykes and Harman, (23 Wend. 566.)