MAY 24, 1844.

*Joseph Kitchen* v. *Christopher E. Lee et al.* This was an appeal by the defendant Lee from a decretal order of the vice chancellor of the first circuit, overruling the appellant's plea. In February, 1841, the complainant and the defendant Lee, entered into a co-partnership in the mercantile business in New-York, and during the continuance of such co-partnership, contracted debts by the purchase of goods upon credit. In September, of the same year, the complainant retired from the business, and left Lee to carry it on alone, and relinquished to him the goods of the firm, amounting to about $4500, upon condition that Lee should pay, or procure to be paid, the debts then due from the firm, and indemnify the complainant against the same. The bill stated that previous to the complainant's retiring from the firm, the defendant Lee, represented to him that he was twenty-one years of age; but that subsequent to the dissolution he had refused to pay the debts of the firm, on the ground that he was an infant and not legally liable to pay the debts, and had sworn to the truth of a plea of infancy, in a suit at law brought against him by some of the creditors. The bill also set up a pretended sale of the goods, by Lee to the defendant Price, subsequent to the dissolution of the co-partnership ; but without consideration, and with a full knowledge on the part of the defendant Price, that the debts of the co-partnership remained unpaid ; and that the sale to him was fraudulent as against

Privileges and liabilities of infants.

the complainant. The bill prayed for an injunction and re-
receiver of the goods which formerly belonged to the co-part-
nership, and that the same might be applied to the payment
of the co-partnership debts; or for such other relief as might
be proper upon the case made.

To this bill the defendant Lee pleaded, that at the time of
making the agreement to pay the co-partnership debts, as
stated in the bill, he was an infant within the age of twenty-
one years, of which the complainant had notice.

*J. M. Martin,* for the appellant;

*A. P. Man,* for the respondent.

THE CHANCELLOR. The plea in this case is founded upon
the supposition that the complainant is not entitled to any
relief whatsoever, if the complainant Lee, as an infant was
not bound by his contract to pay the debts of the co-partner-
ship. It does not follow however, that the complainant is
without remedy in this court, even if Lee is not legally bound
by his agreement upon the dissolution of the co-partnership.
The contract was one which he might affirm or repudiate at
his election, But he cannot be permitted to retain all the co-
partnership effects, and at the same time refuse to perform
the condition upon which the complainant's interest in the ef-
fects of the firm was to become the property of the defendant
Lee. If the defendant Lee, therefore, elects to rescind the
agreement made upon the retiring of the complainant from
the business, the latter has a right to insist that his interest
in the co-partnership effects, shall be applied to the payment
of the debts, in the same manner as if the dissolution had not
taken place; unless such goods had actually gone into the
hands of a bona fide purchaser, who had actually paid for
them before he had any notice whatever, of the complainant's
rights.

*Infant cannot re-tain property purchased, and yet refuse to per-form the condi-tion of the sale.*

The rule of law on the subject is, that an infant cannot be
permitted to retain the property purchased by him, and at the
same time repudiate the contract upon which he received it.
(*Lynde* v. *Budd,* 2 *Paige's Rep.* 191, *Deason* v. *Boyd,* 1
*Dana's Rep.* 45, *Cheshire* v. *Barrett,* 4 *McCord's Law Rep.*
241.) If the goods in this case had belonged to the complain-

ant exclusively at the time of the agreement, and the infant had repudiated his agreement, when he became of age, trover or replevin would have been the proper remedy for the goods, if they remained unchanged. (*Badger* v. *Phinney*, 15 *Mass. Rep.* 359.) But this being co-partnership property previous to the agreement, the only remedy of the complainant was in this court. And this plea of infancy is not a full defence to the case made by the bill. It was properly overruled therefore with costs. But as it is possible, that the defendant Lee, has not done any act to affirm the contract made with the complainant upon the dissolution of the co-partnership, since he become of age, he must be permitted in his answer to set up the defence of infancy, so far as to protect him from any personal liability, arising out of the agreement mentioned in the bill, except such as may result from his repudiation of the agreement. This, if it had been asked for, would have been granted of course, by the vice chancellor. Or the plea would have been permitted to stand for an answer, if the defendant had requested it ; though that would not have been as beneficial for him ; as it would have deprived him of the power of setting up any matter of defence.

The order appealed from must be affirmed with costs, but without prejudice to the right of the defendant to set up the defence of infancy in his answer, as above suggested, so far as it can avail him. And the proceedings are remitted to the vice chancellor.