Reese, J.
delivered the opinion of the court.
The complainant, in his minority, joined his two elder brothers in the sale of a tract of land and in the conveyance thereof to the defendant Evans, and a note to secure the consideration- was given and made payable to one Scot Terry, executor of the will of his father and probably his'testamentary guardian, but this latter fact is not shown in the case by record testimony. Terry, during the minority of complainant, handed over to him the note in question, and he was paid the amount due thereon. The deed was acknowledged by the bargainors and was registered, and Evans let into the possession of the land. The contract was fully executed on both sides. The consideration was paid, and adequate, and fairly and fully paid; *77 and the concurrence of the elder brothers and of Terry in the sale, leaves the transaction free from all imputation whatever of fraud. Evans sold the land to Bridgman. The complainant, who was a married man, removed to another state. Upon his coming of age, without any confirmation of the sale, or any acquiescence amounting thereto, he filed this bill for the purpose of avoiding and setting aside the deed of conveyance made by him, and being restored to the possession of his land. To this, under the circumstances, he is unquestionably entitled; the counsel for the defendants does not controvert it, and his honor the Chancellor so decreed; but in order jn_ohta in this relief, he decreed also that the complainant must restore the price orcóñsideration. From this decree the complainant has appealed to this court: and the only question here is, whether a complainant who comes into a court of chancery for the purpose of avoiding an executed contract for the sale and conveyance of land, on the ground merely of infancy, when the contract was free from the imputation of fraud or imposition, and the purchaser a stranger in no fiduciary relation to the infant, shall be permitted to do so, and at the same time retain the price, or consideration, for which the conveyance was made. The simple statement of the question carries with it, it seerns to us on the most obvious grounds of reason and justice, its own decisive answer. To hold the affirmative of the proposition, would be to do more than protect the infant; it would make him an aggressor upon the rights of others; it would be to place in his hands, as has well been remarked, not a shield to defend himself, but a sword to injure those with whom his contracts have connected him. And on this question, authority is on the side of reason and justice. We are not aware, that at any place or at any period, a court of chancery has held the affirmative of the precise proposition or question which we have propounded. What the rights of the infant may be at law, or in executory contracts, or when fraud, imposition or fiduciary influence intervene, it is neither necessary, nor useful, nor perhaps scarcely proper, here to investigate. When questions of that sort have arisen, or shall arise, they have been, and must be, determined by the principles applicable to the forum, dr to *78 the circumstances of each case. While on the one hand there is an absence of authority to sustain a proposition as unreasonable, as that a court of equity will- avoid an executed contract, and restore to the infant his property without his restoring the price or consideration, there is on the other hand mighty and controlling authority to the contrary. The greatest American authority in matters of equitable jurisprudence, Chancellor Kent, in his Commentaries, 2d vol. page 240, 4th edition, lays it down as a principle, that if the minor avoids an executed contract when he comes of age on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield and not as a sword. He cannot have the benefit of the contract on the one side, without returning the consideration on the other. To sustain this principle, he cites Badger vs. Phinney, 15 Mass. Rep. 359; Roberts vs. Wiggins, 1 N.H.Rep. 73; Roof vs. Stafford, 7 Cowan’s Rep. 179; Parker J. in Hamblet vs. Hamblet, 6 N. H. Rep. 337. Indeed the long settled principle, almost an axiom, that the party contracting with-an-infant is bound, but that the infant is bound or,not, at his election, forcibly implies the truth of the principle maintained by Kent. For if the’ infant may retain what he has received and regain what he parted with, in every instance the disaffirmance of the contract would be plainly for his pecuniary advantage, and could scarcely be called, with any propriety, a case of election. Nothing but a sense of honor and justice would restrain him from setting aside all his contracts.
We are of opinion, therefore,'’iipon the whole matter, that the decree of the Chancellor must be affirmed.