JOHN FEDERHEN 3D *vs.* CHARLES SMITH.

The date of a writ of replevin is not conclusive evidence of the time when the action was commenced; and if the cause of action had not accrued on the day of the date, but did accrue before the commencement of the service thereof, and there is no evidence of the time when the writ was given to the officer, the action may properly be considered as having been commenced after the cause of action accrued.

HOAR, J. This is an action of replevin by the mortgagee of articles of personal property against an officer who attached them as the property of the mortgagor. The demand to dissolve the attachment, under Gen. Sts. *c.* 123, § 63, was not shown at the trial to have been made before July 3d 1860. The replevin writ bore date of July 11, 1860; the replevin bond was dated July 13, 1860; the agreement as to the value of the property to be replevied, in place of an appraisement, was dated July 17, 1860; and the officer's return on the writ was dated July 17, 1860, and set forth that on that day he replevied the property and delivered it to the plaintiff. There was no other evidence showing when the writ was issued or used in any way, and the defendant objected that the action was prematurely brought. The court however ruled that, upon this point, the date of the writ was not decisive; and that if, in point of fact, the property had not been really taken and replevied before the expiration of ten days after the demand on the defendant, the plaintiff would be entitled to maintain his action, notwithstanding that his replevin writ and bond had been prepared previously.

This instruction was correct, and in entire accordance with the decisions of this court in several adjudged cases. *Badger* v. *Phinney,* 15 Mass. 359. *Swift* v. *Crocker,* 21 Pick. 241 *Seaver* v. *Lincoln,* 21 Pick. 267. In *Seaver* v. *Lincoln,* it was said that "when a writ is made provisionally, and delivered to an officer with instructions that it is not to be used until after a certain time, or the happening of a certain event, the action cannot be considered as commenced until the arrival of the time, or the happening of the event."

In the case at bar, there was no evidence when the writ was given to the officer, or that, when it was given, it was accompanied with any instructions to delay the service; and it is argued for the defendant that this distinguishes the case from previous decisions; and that, in the absence of any such proof, the action must be taken to be commenced at the date of the writ. But we think that in an action of replevin, and in a case where the plaintiff had no cause of action at the date of his writ, and had a good cause of action at the time of service, the date of the writ should not be held decisive against the maintenance of the suit. The first step in the service is the appraisal of the property to be replevied, and the date of the agreement shows this to have been made on the 17th of June. The bond could not be filled up so as to make it effective, by fixing the amount of the penalty, till this was done. There was no evidence that the writ was put into the hands of an officer, or that it had left the control of the plaintiff, or had been used or regarded by him as a complete and efficient writ, until the date of the service. While he retained it, it was in his power to amend or alter it in any manner. The bond had no legal effect until its completion and delivery. And though both the writ and bond appear to have been prepared before the cause of action accrued, as no use was made of them before that time, we think the jury might rightfully have presumed that they were retained by the plaintiff until he could properly use them — *ut res magis valeat quam pereat.* The defendant sustained no injury by such a presumption, as his possession was not disturbed until the officer commenced the service.

*Exceptions overruled.*

*G. H. Kingsbury,* for the plaintiff.
*W. Brigham,* for the defendant.