MARY C. EVELETH *versus* JAMES G. BLOSSOM.

The owner of goods transported by an express company, may, after tender of the sum legally chargeable against such goods, and after demand and refusal, maintain replevin therefor against the agent of such company having the care of the goods in one of the company's places of deposit.

ON REPORT from *Nisi Prius*,

REPLEVIN. Plea *non cepit*, with specifications of defence.

The defendant testified, that he was never agent of the Eastern Express Company, but was in the employment of one Williams, who was depot master and express agent at Monmouth. When bills were forwarded with goods the instructions were to collect on delivery, and he had no other authority to deliver goods. Told the plaintiff he could not

Eveleth *v.* Blossom.

deliver her trunks and chest until the full bill of $41,25 was paid. She demanded the goods of him at the depot, in the Eastern Express Company's office, where they were deposited, after having tendered him $18,50. Williams was commissioner of enrollment, spent his time at Augusta in summer of 1864, and defendant acted for him in his absence; acted for Williams from June, 1863, till October following; then absent two months; resumed in Jan., 1864, and continued till July, 1865. No other agent from Jan., 1864, to Nov., 1864. When goods came by express, the defendant received them, and had the custody and control of them until they were delivered.

The sum of $41,25 claimed, was made up of $13, as freight by Turner's Express, $5,50 as freight by the Eastern Express Company, and sundry other charges for storage, cartage, &c., making the balance. There was testimony tending to show that the plaintiff agreed that the company should retain a lien upon her goods for the other items, but this was denied by the plaintiff.

The remaining facts, so far as they are essential to an understanding of the law herein settled, are stated in the opinion.

*J. Baker*, for the plaintiff.

*S. & J. W. May*, for the defendant.

The defendant exercised no act of ownership, nor any act tending to show a claim of ownership in himself which can be construed into a conversion. He had no such possession as would enable him to intermeddle only upon the condition that the owner should first pay the whole bills which were forwarded with the property. Otherwise, intermeddling would have rendered him liable to the Express Company. The office in which the property was deposited was not the defendant's, but the company's. He was not authorized to accept less than the whole bill, although the whole bill may not have been due. If the amount claimed was not paid, his duty was to keep the property in the custody of the

company until the plaintiff adjusted the matter with the company. Such detention is no act of ownership on his part, neither shows any intention of conversion. 2 Hilliard on Torts, c. 25, § 9.

If the action is maintainable against any one, it is against the Express Company alone, which had actual possession through the defendant as servant. The defendant had the mere care of the property while in the actual possession of the company. Even if he was a depositary of the property, the action is not maintainable. 2 Hilliard on Torts, 583, and the cases cited in the note; *Miller* v. *Blake*, 21 Pick., 318. Defendant did not prevent plaintiff from taking the goods from the possession of the company; he merely told her he could not deliver except upon payment of the amount claimed. He did not touch the goods, but merely declined to do what he was forbidden to do by the company, which is not conversion. *Rand* v. *Sargeant*, 23 Maine, 326. Neither trover nor replevin can be maintained against defendant, because he never had personal possession.

Absolute refusal to deliver goods is not always evidence of conversion, as where a servant having the custody of goods, apparently his master's, refuses to deliver them without an order from his master. 2 Greenl. on Ev., 526. Servant's possession or detention is that of his master. His care of the goods is in effect like the possession of a railroad station agent of the moneys and other property in his hands. For the same reasons this action cannot be maintained. *Pettingill* v. *And. R. R. Co.*, 51 Maine, 370. Counsel also cited 1 Hilliard on Torts, 593; *Mutterman* v. *Bently*, 13 Barbour, 641; *Fernald* v. *Chase*, 37 Maine, 289.

TAPLEY, J.—This is an action of replevin brought by the plaintiff to recover two trunks and a chest with their contents, committed originally to Turner's Express for transportation from St. Johns, New Brunswick, to Monmouth, Maine. After about one year's delay, the plaintiff found her

goods in the possession of the defendant, who claimed to hold them as the agent of one Williams, depot master, and express agent of the Eastern Express Co., at Monmouth; as a condition of their delivery he demanded the sum of $41,25, which he alleged was due the Eastern Express Co., for transportation and money paid on them.

The plaintiff denied the right of the carriers of her goods to charge such sum, and tendered the sum of $18,50 for their release, which was refused. The plaintiff being unable to obtain her goods without the payment of the sum claimed, commenced this action, and the evidence in the case is now submitted to the Court, with power to draw such inferences as a jury might, and to render such judgment in the case as the law and the evidence require.

Neither the property in the goods, the refusal to deliver, or their detention is denied, but it is claimed that the Eastern Express Co., had a lien upon the plaintiff's goods, for the sum of $41,25, and evidence has been adduced for the purpose of proving this allegation.

Upon a careful examination, we are of opinion that the goods were not subject to a lien for that amount, and that the sum tendered was sufficient to cover all charges legally existing against the goods, and that the plaintiff, upon the tender of the sum of $18,50, was entitled to the possession of her goods.

It was contended, by the learned counsel for the defence, that however this may be, that inasmuch as the defendant was acting as the agent of the Express Co.'s agent, and only authorized by them to deliver upon the payment of $41,25, he cannot be held liable in this action, for he would make himself liable to the Express Company if he delivered upon the payment of a less sum.

While it is not admitted that such would have been the effect of a delivery to the plaintiff of her property upon the tender of all that was due thereon, yet if such had been the effect of the defendant's contract with the Express Co.,

it could not authorize him to withhold the plaintiff's goods from her after she was legally entitled to their possession.

Whatever rights of holding the defendant had, he claims from, by and under the Eastern Express Co. If they could not legally hold the goods after tender of the actual amount due, by the plaintiff, certainly their agent could not. They could confer no greater powers upon their agent than they possessed themselves. The agent cannot withhold where the principal cannot. These principles are nowise in conflict with the cases cited by the counsel for defendants.

The authority referred to in Hilliard on Torts, note to page 583, of vol. 2, is correctly quoted by the counsel as follows: — "An action cannot be sustained against a mere depositary of money, unless his situation has been changed, *either by a wrongful refusal to pay the money upon proper request*, or by a wrongful appropriation of it."

In other words, the depositary having received the money rightfully, is not liable to an action until he does something wrong, which may be done by "*refusal to pay the money upon proper request.*" So, in the case at bar, the goods having come to the possession of the defendant rightfully, no action could be maintained against him until he had done something wrongful concerning them. They were under his control. He had the power to deliver. He was the keeper. If the amount demanded by him had been paid, he would have delivered. That amount not having been paid, or tendered, he chose to retain them. This was wrongful as to this plaintiff. It was the retention of her goods after she was entitled to the possession. Whether wrongful, or rightful, as between the agent and his principal, will depend upon their contract, and however it may be, it cannot affect the plaintiff's rights.

The cases cited relative to conversion are in perfect harmony with these views. In the case of *Fernald* v. *Chase*, 37 Maine, 289, cited by defendant's counsel, SHEPLEY, C. J., says, "to make out a conversion, there must be proof of a wrongful possession, or of the exercise of a dominion over

it in exclusion of the owner's rights, or of an unauthorized and injurious use, or of a wrongful detention after demand."

Applying this rule to the case at bar, we find the defendant exercising a dominion over the plaintiff's property in exclusion and defiance of her rights. He tells her, pay me $41,25 and I will deliver you your property, otherwise, I will retain it. We find him detaining after tender and demand. Now it can make no difference with the plaintiff, that the defendant thus exercises dominion over the plaintiff's property, and thus detains it, by virtue of a contract and engagement with the Express Company, so to do. It is as wrongful to her and as injurious to her as if there was no such engagement.

His contract is of avail between him and them, and not between him and persons not parties to it.

Replevin lies by our statute for a wrongful detention as well as a wrongful taking, and either is sufficient to maintain the action. No other tortious act need be proved but the wrongful detention. *Seaver* v. *Dingley*, 4 Maine, 306 ; R. S., c. 96, § 8. Such were the decisions in Massachusetts, — *Badger* v. *Phinney*, 15 Mass., 359 ; *Baker* v. *Fales*, 16 Mass., 147 ; *Marston* v. *Baldwin*, 17 Mass., 606.

The case of *Woodward* v. *Grand Trunk Railway Co.*, 46 N. H., 524, cited by the counsel from the Law Register for April, 1867, simply decides that, at *common law*, to maintain replevin there must be an unlawful taking, with the single exception of a distress of cattle damage feasant, or of chattels for rent in arrear. The doctrine of the common law is adhered to in New Hampshire, except as modified by statute in relation to beasts impounded and goods attached in mesne process. N. H. Comp. St., 520.

Therefore, when the goods came into the possession of defendant lawfully, detention would not sustain the action. It is otherwise in this State, the common law rule being modified by statute so as to include unlawful detention as a cause.

The defendant having wrongfully detained the plaintiff's

goods after the tender and demand, she is entitled to recover. Upon the proofs here adduced she will be entitled to nominal damages only. *Judgment for the plaintiff, and for one dollar as damages.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.