JOHN H. H. BENNETT

v.

JENNIE McLAUGHLIN.

INFANCY—RESCISSION OF CONTRACT AFTER MAJORITY—MUST RETURN CONSIDERATION IF IN POSSESSION.—Where appellee while a minor had purchased a sewing machine, paying in installments, and the first installment was paid by an old machine in lieu of money, and after becoming of age she retained possession of the new machine and refused to pay the other installments, claiming that the old machine was worth as much as the new. *Held*, that she can not be permitted to retain the property, because the partial payment made was equal to its entire value. She must either abide by the contract or rescind it and in the latter case, if she still has the property she received under the contract in her possession, she must offer to return it when she may recover back the payments made by her. Where, however, a party has wasted or squandered the consideration received by him during infancy, a different rule prevails and the adult party is remediless.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed June 27, 1883.

Mr. JOHN A. BELLATTI, for appellant; that a minor's privilege of rescinding his contract is to be used by him only as a shield to protect himself and not as a sword to injure others, cited 2 Kent's Com. 240; Reeve's Domestic Relations, 244; Heath v. West, 8 Foster (N. H.), 101; Ottman v. Moak, 3 Sand. Ch. R. 431; Tyler on Infancy and Coverture, 76–77; Lynde v. Budd, 2 Paige, 191; Kitchen v. Lee, 11 Paige, 107; Badger v. Phinney, 15 Mass. 359; Gray v. Lessington, 2 Bosw. 257.

Mr. G. W. SMITH, for appellee; cited Morton v. Steward, 5 Bradwell, 533; Hamilton v. Singer S. M. Co. 54 Ill. 370.

HIGBEE, J. This is an action of replevin by appellant, to recover the possession of a sewing machine, received and held by appellee under the following contract:

This agreement, made this 20th day of August, 1880, certifies that I have hired from J. H. H. Bennett, one White sewing machine, numbered 157,382, for the use of which I hereby

agree to pay him, at his office in Jacksonville, the sum of fifty dollars, as follows: ten dollars to be paid upon the signing hereof, and the balance of forty dollars to be in installments of five dollars each, on the first day of every month, until all is paid; five dollars to be deducted from the above total amount if payments are made promptly at the rate per month agreed upon; payments to commence October 1, 1880.

Having received said sewing machine in good order and condition, I hereby agree to hold the same subject to the order of said J. H. H. Bennett, or his agent, as his property; and upon my failure to make any of the payments as herein specified, or upon any attempt or designed removal of said machine from the city of Jacksonville, without his written consent, I also hereby agree to restore the same to his possession, upon demand of himself or his agent.

(Signed)     Jennie McLaughlin.

In presence of J. W. Sampson.

The first payment of ten dollars was made at the time the contract was executed, appellant receiving an old machine in lieu of money therefor. Appellee also paid three dollars, June 25, 1881, two dollars, August 27, 1881, and one dollar and fifty cents, December 10, 1881; in all, including old machine, sixteen dollars.

In March, 1882, appellee refused to make further payments, or surrender up the machine to appellant, on his demanding the same. The defense in the trial court, as appears by the record, was that appellee was an infant at the time she made the contract and that the old machine was worth as much as the new one she received from appellant. This defense was supported by the evidence of appellee and her mother, both of whom testified that the old machine, delivered to appellant for the first payment of $10, was worth as much as the new one she received from him; that it belonged to appellee's mother who was present and knew it was sold to appellant for $10, and made no objection thereto. Appellant testifies that it was of no value except as old iron.

The trial resulted in a verdict and judgment against appellant, from which he appeals to this court and assigns for

Bennett v. McLaughlin.

error, the giving, at the instance of appellee, the following instruction, to which he at the time excepted: " If the defendant signed the lease while a minor and paid as much or more than the machine was worth, then the plaintiff could not recover, unless she ratified the contract; and that unless the plaintiff returned, or offered to return all that he had received for the machine, less the value of the use of it, he could not recover."

When appellee refused to make further payments or surrender up the property, she had the same in her possession and was of full age, having attained her majority in December, 1881.

Her right to avoid the contract can not be questioned, but it is a privilege secured to her by the law for her own protection, and she is not permitted to use it as a sword to injure others; she can not retain the property purchased, after arriving at her majority, and at the same time repudiate the contract, under which she received it; and if she does repudiate the contract under such circumstances, the title remains in the vendor, and he is entitled to the immediate possession of the property: Reeve's Domestic Relations, p. 244; Heath v. West, 8 Foster (N. H.), R. 101; Kitchen v. Lee, 11 Paige, R. 107; Badger v. Phinney, 15 Mass. 359; Gray v. Lessington, 2 Bosw. 257: Tyler on Infancy and Coverture, p. 78.

Nor can she be permitted to retain the property, because the partial payment made was equal to its entire value; she must either abide by the contract or rescind it, and in the latter case, if she still has the property she received, under the contract, in her possession, she must offer to return it, when she may recover back the payments made by her. If, however, she has wasted or squandered the consideration received by her during infancy, a different rule prevails, and the adult party is remediless: Tyler on Infancy and Coverture, p. 78.

The instruction did not correctly state the law and was improperly given by the court, for which reason the judgment is reversed and the cause remanded.

Reversed and remanded.