STEIN, BLOCK & CO., Appellant, v. C. I. HILL, Respondent.

### St. Louis Court of Appeals, February 3, 1903.

1. **Sale: VENDEE: FRAUD: INTENT.** Where an insolvent vendee purchases goods with the intention of never paying for them, the sale is fraudulent.

2. ——: ——: ——: **REPLEVIN: ATTACHING CREDITOR: EXECUTION CREDITOR.** And where an insolvent vendee purchases goods with the intention of never paying for them, the seller may take the goods from an attaching or execution creditor.

3. **Vendee: EVIDENCE: INTENT.** Evidence that a vendee was insolvent and unable to pay for goods when he ordered them is not conclusive evidence that he never intended to pay for them.

4. **Insolvency: VENDEE: INTENT TO PAY: INFERENCE.** Insolvency is a circumstance tending to prove an intent never to pay for goods ordered by the vendee, and the more hopeless the insolvency, the stronger is the inference to be drawn that the insolvent vendee never intended to pay.

5. **Vendor: VENDEE: KNOWLEDGE OF VENDEE.** No obligation rests upon an insolvent vendee to disclose his financial condition to his vendor, unless inquiry is made of him by the vendor concerning the same.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee,* Judge.

AFFIRMED.

*Smoot, Boyd & Smoot* for appellant.

(1)   A debt is fraudulent if intention of vendee is not to pay.   Manheimer v. Harrington, 20 Mo. App. 297; Blackwell v. Fry, 49 Mo. App. 638; Beebe v. Hatfield, 67 Mo. App. 609; Reid & Co. v. Lloyd, 67 Mo. App. 513; Benjamin on Sales (4 Ed.), par. 440.   (2)   And a vendor may rescind and retake goods if vendee knowingly makes false statements as to solvency.   Hartt v. McNeil, 47 Mo. 526; Cohn v. Reid, 18 Mo. App. 122.

(3)　Or when vendee purchases goods with intention not to pay for them.　Bidualt v. Wales, 19 Mo. 36; Bidault v. Wales, 20 Mo. 550; Fox v. Webster, 46 Mo. 151.; Thomas v. Freligh, 9 Mo. App. 151; Manheimer v. Harrington, 20 Mo. App. 297; Porter v. Leyhe, 67 Mo. App. 540; Beebe v. Hatfield, 67 Mo. App. 609; Reid & Co. v. Lloyd, 67 Mo. App. 513; Moore v. Hinsdale, 77 Mo. App. 217; M'fg Co. v. Trall, 77 Mo. App. 513; Dry Goods Co. v. Buchanan, 79 Mo. App. 528.　(4)　Reports of commercial agencies may be relied upon and are competent in questions of fraudulent sales.　Holmes v. Harrington, 20 Mo. App. 661; Gries v. Blackman, 30 Mo. App. 2; Goldsmith v. Taussig, 60 Mo. App. 460.

*Mudd & Wagner* and *D. J. O'Connell* for respondent.

(1)　The party complaining must show some deceit practiced upon him or that special confidence was reposed by him in the representation of the other party and that the contract was entered into upon the strength thereof.　Bailey v. Smock, 61 Mo. 213; Dunn v. White, 63 Mo. 181.　(2)　If the vendor rely alone upon information received from other sources than from the vendee, he is not entitled to his action to rescind for fraud or deceit.　Becraft v. Grist, 52 Mo. App. 586.　(3) Where the party complaining in fact acted upon his own judgment or sought information from other sources, he can not afterwards complain that deceit was practiced upon him by the other party.　Anderson v. McPike, 86 Mo. 293; Warren v. Ritchie, 128 Mo. 311.

BLAND, P. J.—Plaintiffs conducted a wholesale liquor business in Kansas City, Missouri.　On February 25, 1901, through their salesman, Jacob Newhouse, they sold one barrel of whiskey of the value of $98 to Sharr & McCandless, a retail liquor firm in Scotland county, Missouri.　The barrel of whiskey was received by Sharr & McCandless at their place of business, but

was not tapped or opened by them.   Afterwards a writ
of attachment was issued against Sharr & McCandless
and placed in the hands of defendant as constable, by
virtue of which he seized and levied upon the barrel of
whiskey.   Plaintiff replevied the whiskey from the con-
stable, claiming to be entitled to the possession thereof
as owners.

The answer of the constable was a general denial.
A trial by jury was had resulting in a verdict and judg-
ment for the constable.   A timely motion for new trial
was filed which the court overruled and plaintiffs ap-
pealed.

1.   The evidence is that Sharr & McCandless were
in debt and hopelessly insolvent when they purchased
and received the whiskey; that they knew of their ina-
bility to pay for the whiskey and testified that they did
not expect to pay for it unless they should be allowed
to continue in business; that they intended to restore
the barrel of whiskey to plaintiffs unless they were per-
mitted to continue in business by their creditors.

A very short time after the whiskey was levied on—
apparently on the same day—their stock of goods was
taken possession of by an attorney for some of the cred-
itors.

It is in evidence that Sharr & McCandless had a rat-
ing with the R. G. Dun Commercial Agency showing
them to be worth from three to five thousand dollars in
property over and above their stock in trade; that
Sharr & McCandless knew of this rating, but did noth-
ing to procure it and were not responsible for it; at
the same time they did nothing to correct the errror.

In respect to representations made to him by Sharr
& McCandless, Newhouse, the salesman, stated: "In
taking former orders from Sharr & McCandless, they
made statements to me that they had real estate of the
value of from three thousand to five thousand dollars
over and above their stock of merchandise on hand;
and when I took this order, in the course of our con-

versation, they told me there had been no change in their financial condition.''

He further stated that he reported to plaintiffs, and that they relied upon his report, as to the financial standing of customers to whom he made sales.

Sharr & McCandless, who were offered as witnesses by plaintiffs, testified that they made no representations whatever to Newhouse in respect to their financial condition and that they were asked no questions by him about their financial condition; that they intended to pay for the whiskey if they were permitted to go on and do business and could make the money.

For the plaintiffs the court instructed the jury as follows:

''1. The jury are instructed that this is an action of replevin brought by the plaintiffs to recover a barrel of whiskey, which they allege was secured from them by fraud and deceit.

''Now if you believe from all the evidence in the case that the mercantile agency of R. G. Dun & Company represented Sharr & McCandless to be worth from $3,000 to $5,000 over and above all their debts, and that Sharr & McCandless, or both of them, knew of the statement made by the agency, and at the time of said sale represented to the traveling salesman of the plaintiffs that their condition was as represented heretofore in said agency; and that by reason of said representation credit was given and the whiskey in question sold and parted with by the plaintiffs; and if you further believe that at the time of said sale Sharr & McCandless were insolvent and unable to pay their debts, and that they knew of their condition and concealed the fact from said plaintiffs, then said sale was fraudulent and void as against these plaintiffs and they had a right to rescind the same and retake the property and your finding should be for the plaintiffs.

''2. If your verdict be for plaintiffs it may be in the following form: 'We, the jury, find at the institu-

tion of this suit plaintiffs were the owners and entitled to the possession of said property in the petition described.' ''

For the defendant the following instructions were given:

''3.   The jury is instructed that the plaintiffs can not recover in this action unless they prove by the greater weight of evidence to your satisfaction that the plaintiffs were induced by false representations or by concealment of facts called for by the plaintiffs of Sharr & McCandless to sell them the goods in question, and the burden of proof lies upon the plaintiffs to so prove.

''4.   The court instructs the jury that even though plaintiffs had been informed by agencies that Sharr & McCandless were worth $3,000 to $5,000, and sold and delivered the goods in question to Sharr & McCandless believing such report from such agencies, and the reports were in fact false, still if you believe from the evidence that plaintiffs were not deceived by any statements or misrepresentations of Sharr & McCandless, then your verdict should be for the defendant.

''5.   The court instructs the jury that in determining the issues in this case you may take into consideration all the circumstances surrounding the facts given in evidence.

''6.   If your verdict be for the defendant it may be in the following form:   'We, the jury, find at the time of the institution of this suit, plaintiffs were not entitled to the possession of the property.   We therefore find for the defendant and assess the value of the property at $94.' ''

Plaintiffs moved the court to instruct the jury that under all the evidence plaintiffs were entitled to a verdict.   The refusal of the court to grant this instruction is assigned as error.   The contention is that the evidence conclusively shows that Sharr & McCandless bought the whiskey with the intention of never paying

for it. The law is well settled that where an insolvent vendee purchases goods with the intention of never paying for them, the sale is fraudulent. Beebe v. Hatfield, 67 Mo. App. (St. L.) 609; Oil Co. v. Drug Co., 74 Mo. App. (K. C.) l. c. 449, and cases cited. And in such circumstances the seller may take the goods from an attaching or execution creditor. Bidault v. Wales & Sons, 20 Mo. 546. But there is no direct and positive evidence that Sharr & McCandless purchased the whiskey with the intention of never paying for it. The evidence is that they were insolvent and unable to pay for it, but these facts are not in themselves conclusive evidence that they never intended to pay. Bidault v. Wales, 19 Mo. 36; Clark v. Middleton & Riley, 19 Mo. l. c. 55; Thomas v. Freligh, 9 Mo. App. 151; Mfg. Co. v. Troll, 69 M. App. (St. L.) 475; Sweet, Dempster & Co. v. Sullivan, 77 Mo. App. (St. L.) 128. Insolvency is a circumstance tending to prove an intent never to pay and the more hopeless the insolvency the stronger is the inference to be drawn that the insolvent vendee never intended to pay. Mfg. Co. v. Troll, 77 Mo. App. (St. L.) 339; Fechheimer & Co. v. N. B. Baum & Bro., 2 L. R. A. 153; Davis v. McWhirter, 40 U. C. Q. B. 598; Talcott v. Henderson, 31 Ohio St. 162.

We think the evidence of Sharr & McCandless conclusively shows that they were hopelessly insolvent and knew that they had no reasonable prospect of ever being able to pay for the whiskey when they purchased it and that the jury would have been well warranted in finding the sale fraudulent on that ground. But this was a question of fact for the jury and not for the court to find and we think the court correctly refused plaintiffs' peremptory instruction.

2. Plaintiffs contend that instruction No. 4 given for defendant is erroneous and that it is in conflict with No. 1 given for them. Defendant's instruction told the jury, in substance, that the plaintiffs could not get false information from third parties as to the financial stand-

ing of Sharr & McCandless, which the latter had not furnished or contributed to, rely upon it and after discovering that they had been deceived charge Sharr & McCandless with deceit. We find no fault with this declaration of law. The instruction, however, is not in harmony with the second clause of plaintiff's first instruction.

Defendant's instruction told the jury that before they could find the sale fraudulent on account of false representations they should find that said representations were made by Sharr & McCandless and that plaintiffs were deceived thereby.

Plaintiff's instruction told the jury that if they found that Sharr & McCandless were insolvent and knew of their insolvent condition and concealed the fact from plaintiffs, then the sale was fraudulent. If—as the instruction seems to read—it was intended to instruct the jury that if Sharr & McCandless were insolvent when they made the purchase and knew of their insolvency they were bound to make their condition known to the vendor and they failed to do so the sale was fraudulent. This is not the law. No such obligation rests upon an insolvent vendee; unless inquiry is made of him he is under no legal obligation to disclose his financial condition to the vendor. Morris et al. v. Talcott, 96 N. Y. 100; Kitson v. Farwell et al., 132 Ill. 327; LeGrand & Hall v. Eufala Nat. Bk. et al., 81 Ala. 123; Morrill v. Blackman, 42 Conn. 324; Kelsey, Robertson & Co. v. Harrison, 29 Kas. 143; Redington & Co. v. Roberts, 25 Vt. 686; Talcott v. Henderson, supra.

Plaintiff's instruction overstated the law in their favor and they can not complain because in correctly declaring the law the defendant's instruction conflicted with it.

Discovering no reversible error the judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.