WRAY et al., Respondents, v. J. D. WRIGHTSMAN, Interpleader, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

1. **PERSONAL PROPERTY: Passing of Title: Minors: Fraudulent Representations.** Where a minor, by falsely representing that he was of age, induced one to sell him certain personal property on credit, the title thereto did not pass and the vendor may recover the property, and his title is superior to that of attaching creditors of a minor.

2. **PLEADING: Justice Courts.** In justice courts pleadings are not required to be in any particular form, and where one interpleads in a justice court for property attached, the statute simply provides that the interpleader shall make claim to the property and that the claim shall be verified.

3. **FRAUD: Failure to Record Mortgage.** Where an interpleader took a chattel mortgage and did not record it and is claiming the property upon the theory that it was obtained from him through false representations, and is not asserting any right under the mortgage, his failure to record the mortgage does not affect his right to recover the property.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*Fred W. Barrett* for appellant.

(1) When goods are obtained through fraud, the vendor does not part with his right to them. Kelley's New Treatise for Justices and Constables (Ed. 1881), sec. 606; Plow Co. v. Wayland, 81 Mo. App. 305. (2) Although they may be in the hands of attaching creditors. Goodger v. Finn, 10 Mo. App. 226; Stein, Block & Co. v. Hill, 100 Mo. App. 38; Bidault v. Wales, 20 Mo. 546. (3) False representations as to minority is fraud and the seller can retake the goods. Kelley's New Treatise for Justices and Constables (Second Ed. of 1881), sec. 606; Walker v. Davis, 15 Mass. 350; 16 Am. and

Eng. Ency. of Law, p. 310; Ryan v. Growney, 125 Mo. 474. (4) The vendor has a right to rely on the statement of the vendee as to a positive fact. 20 Cyc. 33; Moore v. Hinsdale, 77 Mo. App. 217; Judd v. Walker, 114 Mo. App. 128.

*G. Purd Hays* for respondent.

(1) In order for the chattel mortgage to be a prior lien over an attachment it must be filed or recorded in the county where the property is located. Sec. 3404, Revised Statutes 1899; Rice, Stix & Co. v. Sally, 176 Mo. 107; Cummings v. Lumber Co., 130 Mo. 557; Zuck v. Harness and Carriage Co., 106 Mo. 566. (2) This is a sale and contract that Hale and Ryan could not rescind without paying Wrightsman, interpleader, what was due him. Sawyer Paper Co. v. Mangan, 60 Mo. App. 76; Ryan v. Growneg, 125 Mo. 474. (3) There is no fraud alleged in the allegations of the interpleader and before he can defend his case on the grounds of fraud he must plead it, which he does not do. Green v. Worman, 83 Mo. App. 568; Edwards v. Noel, 88 Mo. App. 434; Live Stock Remedy Co. v. White, 90 Mo. App. 498.

GRAY, J.—In June, 1907, the interpleader was conducting a second-hand store in Springfield, Mo., and at said time Carl Hale, one of the defendants, came to him and represented that he was of age, and thereby induced interpleader to sell to him an oven and bakery outfit, for which he gave a note and chattel mortgage of $100. Hale moved the outfit to Ozark, Mo., where he and defendant, Ryan, entered into a partnership for the purpose of conducting a bakery business. They contracted debts with the plaintiffs herein, who were conducting a grocery store at Ozark. Shortly after, both Hale and Ryan left the State, and on the 22nd day of July, plaintiffs herein attached the bakery outfit in an action against them, before a justice of the peace.

In August, and before the trial day, the appellant

herein filed his interplea for said property. The chattel mortgage given to the interpleader was recorded in Greene county, Mo., instead of Christian county, where the mortgagor lived. In a trial before the circuit court, without a jury, the judgment was against the interpleader, and he has appealed.

The following facts may be stated: That Hale was a minor and for the purpose of obtaining the property, he falsely represented to the interpleader that he was of age, and that the interpleader was deceived thereby, and delivered the property to him; that the plaintiffs had a *bona fide* debt against the defendants, and that the defendants had left the State so that their property was subject to attachment.

It is claimed by the respondents that the interplea filed is insufficient, because it does not allege the facts relating to the fraud. This suit was commenced before a justice of the peace where no form of pleadings were required, and in addition thereto, the statute simply provides that the interpleader shall make claim to the property attached, and that the claim shall be verified. This is all the statute requires. [Grocery Co. v. Goetz, 57 Mo. App. 8.]

It is also asserted that in as much as the interpleader took a chattel mortgage and did not record it, that he is a party to the fraud, and hence, is barred of his right to recover the property. The interpleader is not asserting any right under the mortgage, and the statute goes no further than making the mortgage, itself, fraudulent and void, as against the creditor. The interpleader bases his claim upon the theory that as Hale obtained the property from him through false representation, that the title never passed to Hale, but always remained in the interpleader, and in such case, he has better right to it than the attaching creditor. [Stein, Block & Co. v. Hill, 100 Mo. App. 38, 71 S. W. 1107.]

As the facts stand admitted in this case, it was a fraud for Hale to represent to the interpleader that

he was of age when he was not. The interpleader had the right to believe he was contracting with an adult. In Ryan v. Growney, 125 Mo. l. c. 483, 28 S. W. 189, 755, our Supreme Court said: "Neither infancy nor coverture will constitute any excuse for the party guilty of the concealment or misrepresentation." In the same opinion it is further said: "Where an infant fraudulently represents himself to be of age, and thus obtains credit for goods, he is liable in equity, though not in law."

We are of the opinion that the false representation as to age made by an infant and relied upon and acted upon by an adult, is as much of a fraud as where an adult represents himself to be solvent and obtains goods on credit. We do not find any decision squarely in point in this State, but the rule in other jurisdictions is that under such circumstances the title does not pass, and that the seller may reclaim the property in a proper action. [Badger v. Phinney, 15 Mass. 359; 8 Am. Dec. 105; Bennett v. McLaughlin, 13 Ill. App. 349; Nolan v. Jones, 53 Iowa 387.]

In as much as the property was obtained from the interpleader by false and fraudulent representation upon which he relied, the title thereto did not pass, but remained in him, and his title is superior to that of the attaching creditors. The judgment of the trial court was wrong and will be reversed with instructions to enter judgment in favor of the interpleader. All concur.