MARTIN JORGENSEN *vs.* ADAM TAIT.

December 30, 1879.

Conversion of Mortgaged Chattels.—Complaint in this action, *held* to state a cause of action in the nature of the common-law action of trover.

Appeal by defendant from a judgment of the district court for Kandiyohi county, *Brown,* J., presiding. The action was begun in a justice's court.

*H. W. Brown,* for appellant.

*C. L. Brown,* for respondent.

BERRY, J. The defendant appeals from the judgment rendered against him in this action, assigning as error that the complaint does not state a cause of action.

The facts set up in the complaint are these: W. made a promissory note to the plaintiff, and, to secure it, executed a chattel mortgage upon a harness. The note was payable

September 20, 1877.    This action was commenced September 6, 1877.    The mortgage provides that if any attempt shall be made to remove, dispose of or injure the mortgaged property, or any part thereof, by the mortgagor, or any other person, or if the mortgagor does not take proper care of the same, or if the mortgagee shall at any time deem himself insecure, it shall be lawful for him to take said property wherever the same may be found, and hold, or sell and dispose of the same. The mortgage contains the further provision that, so long as the conditions of the mortgage are fulfilled, the party of the first part may remain in peaceful possession of the mortgaged property.    The mortgagor, with intent to defraud the plaintiff out of his debt, sold the harness, the value of which was $42, to the defendant, who purchased with full and actual notice of mortgage.   By reason of this sale the plaintiff deemed himself insecure.    Before the commencement of this action, he demanded the harness of defendant, who refused to deliver up the same, and wrongfully converted it to his own use.    No part of the note has been paid.    The plaintiff demands judgment for $42, interest and costs.

We think the complaint sufficient.    The mortgagor's disposal of the harness to the defendant gave the plaintiff, by the terms of the mortgage, an optional right to take possession of it.    Plaintiff gives the defendant notice of his exercise of this optional right by demanding the harness.    Defendant refuses to deliver the harness, but converts it to his own use.    There can be no question that the complaint states a cause of action, in the nature of the common-law action of trover.

Judgment affirmed.