GEORGE MALCOM, Respondent, *v.* HUGH O'REILLY et al., Appellants.

Plaintiff's complaint in an action for conversion of personal property, alleged in substance the execution and delivery to plaintiff by W., the then owner, of a chattel mortgage upon the property, a demand of payment, and that "thereupon, pursuant to said mortgage, plaintiff was entitled to the immediate possession and control of the property so mortgaged and became the owner thereof, and thereupon took the same into his possession," and

while lawfully and quietly possessed thereof that defendant wrongfully took and converted the same. A copy of the mortgage was attached. By its terms, the debt secured by the mortgage was payable on demand Defendants demurred, claiming that the complaint was defective in not averring that default had been made in the payment of the mortgage. *Held* untenable; that the allegations of ownership and lawful possession were sufficient without setting forth in detail how title was acquired; and also that a default was clearly to be implied from the facts stated.

(Submitted April 25, 1882 ; decided May 5, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 18, 1880, which affirmed a judgment in favor of plaintiff, entered upon an order overruling a demurrer to plaintiff's complaint. (Reported below, 14 J. & S. 222.)

This action was for the alleged conversion of a quantity of personal property.

The action was originally brought against the sheriff of the county of New York. Before the time to answer expired, the sheriff's indemnitors were, pursuant to the Code of Civil Procedure (§§ 1421–6 , substituted. The complaint alleged in substance the execution and delivery to plaintiff of a chattel mortgage upon the property by Daniel Whelan, the then owner. A copy of the mortgage was attached to the complaint. By its terms the mortgage debt was payable on demand. The complaint then contained this allegation, "that previous and for a considerable length of time before the conversion of the goods hereinafter mentioned, the payment of the said sum of $593 (five hundred and ninety-three dollars) was duly demanded by the plaintiff from the said Daniel Whelan, and thereupon, pursuant to said mortgage, the plaintiff was entitled to the immediate possession and control of the property so mortgaged, and became the owner thereof, and thereupon took the same into his possession, and while the plaintiff was lawfully, quietly and peaceably possessed of said property, the defendant, on or about the 20th day of September, 1878, wrongfully and unlawfully took, converted and disposed of the same to his use without any regard of a notice to him given that the plaintiff was the owner thereof."

Defendants demurred on the ground that the complaint did not state facts constituting a cause of action.

*William P. Mulry* for appellants. In a pleading on the case or in any pleading all essential facts must be set forth with particularity. (*Goelet* v. *Asseler*, 22 N. Y. 228; *Allen* v. *Patterson*, 7 id. 478; *McKyring* v. *Bull*, 16 id. 297; *Emery* v. *Pease*, 20 id. 64.) When different meanings are presented those most unfavorable to the pleader must be adopted. (*Hoheimer* v. *Carroll*, 59 N. Y. 269–272; *Bunge* v. *Loop*, 48 id. 231; *Winter* v. *Baker*, 50 Barb. 432.) Liberal construction of pleadings applies to form not substance. (*Spear* v. *Downing*, 34 Barb. 522.) The mortgagee must allege in his complaint not only that he demanded payment of the amount, to secure which it is claimed the mortgage was given, but also that the mortgagor made default in the payment, for until such default the mortgagor, by the express terms of the mortgage, was entitled to the full custody and possession of the property covered by the mortgage. (*Goelet* v. *Asseler*, 22 N. Y. 225, 232–234; *Bragelman* v. *Dane*, 69 id. 74.) Both the possession and right of possession must concur before such an action can be maintained, and this must be alleged in the complaint. (*Goelet* v. *Asseler*, 22 N. Y. 234; *Gordon* v. *Harper*, 7 T. R. 8; *Hull* v. *Carnley*, 11 N. Y. 501; 17 id. 202; *Bailey* v. *Burnton*, 8 Wend. 339; *Manning* v. *Monaghan*, 23 N. Y. 539; *S. C.*, 28 id. 585; *Van Hassell* v. *Borden*, 1 Hilt. 128; *Smith* v. *Beattie*, 31 N. Y. 542; *Hathaway* v. *Brayman*, 42 id. 322; *Porter* v. *Parmley*, 52 id. 185; *West* v. *Crary*, 47 id. 423; *Partall* v. *Eggert*, 54 id. 18.) The statement that the mortgagee was lawfully possessed is untenable; being a conclusion of law not issuable, it should not have been pleaded. (*City of Buffalo* v. *Halloway*, 7 N. Y. 493, 498; *McKyring* v. *Bull*, 16 id. 297; *Fry* v. *Bennett*, 5 Sandf. 54; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Cook* v. *Warren*, 14 Week. Dig. 50.) Facts and not conclusions of law are admitted by a demurrer. (*Bonnell* v. *Griswold*, 68 N. Y. 294; *Jordan* v. *S. & L. Bank*, 74 id. 467–472; *People* v. *Comm'rs*

*of Marlborough,* 54 id. 276.) Mere possession of another's property is not evidence of ownership. (*Jordan* v. *S. & L. Bank,* 74 N. Y. 467; *Ballard* v. *Burgett,* 40 id. 346; *Straight* v. *Harmley,* 39 id. 446.) There could be no forfeiture of the plaintiff's rights as mortgagee, as until default he had a constructive reversionary interest on which he could recover for damages to the property on that ground alone. (*Manning* v. *Monaghan,* 23 N. Y. 539; *S. C.,* 28 id. 585; *Goelet* v. *Asseler,* 22 id. 234.) He should have proved to what extent his security was impaired, by showing whether the debtor was responsible or not, and whether he can or can not follow and enforce his lien against the property. (*Hull* v. *Carnley,* 17 N. Y. 202; *Goelet* v. *Asseler,* 22 id. 228.) Until a chattel mortgage becomes a bill of absolute sale by nonperformance of condition, *i. e.,* payment, the mortgagor retains not only the possession, but has such a possessory right for a definite period, in the chattel mortgaged against the mortgagee, coupled with the right of redemption that it can be levied and sold upon execution. (*Hull* v. *Carnley,* 11 N. Y. 501; *S. C.,* 17 id. 202; *Hamill* v. *Gillespie,* 48 id. 556–559; *Hall* v. *Sampson,* 35 id. 274; *Hathaway* v. *Brayman,* 42 id. 322.) It being admitted that the proceedings had, substituting the parties defendant in the place of the sheriff, were regular, and any irregularity or defect having been waived, the respondent is estopped from denying the right of the substituted defendants to demur to the complaint, no other complaint having been served upon them. (Code of Civil Procedure, § 1426; Code of Procedure, § 726; *Moore* v. *Hamilton,* 44 N. Y. 666, 72–73.) The chattel mortgage is only a statement of a conditional sale by which the mortgagee does not become vested with all the indicia or rights of ownership until default. (*Conover* v. *Cunningham,* 77 N. Y. 398; *Ballard* v. *Burgess,* 40 id. 314.)

*J. F. Bullwinkel* for respondent. The substitution of persons as defendants in an action does not change or affect the merits. The same cause of action continues, subject to all the incidents as they existed against the original parties. (Code of Procedure,

§§ 1426, 756; *Wright* v. *Storms*, 3 Code R. 138; *Van Sycklen* v. *Perry*, 3 Rob. 621; *Peck* v. *Ward*, 3 Duer, 647; *Thwing* v. *Thwing*, 9 Abb. 323; *Moore* v. *Hamilton*, 44 N. Y. 666.) An action as set out in the complaint lies against the sheriff at the instance of a mortgagee of personal property if at the time the conversion occurred he had the possession or the right thereto. (1 Chitty's Pleadings, 167, 189; *Hull* v. *Carnley*, 1 Kern. 509.) An action of trover will lie against a sheriff at the instance of a mortgagee of chattels, if at the time of the conversion the mortgagee was possessed or had the right to the possession of the goods converted. (*Goelet* v. *Asseler*, 22 N. Y. 225; *Hull* v. *Carnley*, 17 id. 202; *Chadwick* v. *Lamb*, 29 Barb. 518.) Proof of demand is not necessary when the action of conversion is brought against the wrongdoer, but it cannot be dispensed with when the action is against the parties to the mortgage. (*Brown* v. *Cook*, 3 E. D. Smith, 123.) In an action of this nature if the mortgagee is in possession of the property at the time it was taken, and no demand had been made for the payment of the money mentioned in the mortgage, he may nevertheless maintain his action for conversion. (*Chadwick* v. *Lamb*, 29 Barb. 518; *Mattison* v. *Baucus*, 1 Comst. 295.)

RAPALLO, J. The plaintiff's mortgage upon the chattels in controversy was payable on demand. The complaint alleges that before the conversion of the chattels by the defendants the plaintiff demanded of the mortgagor payment of the mortgage debt, and thereupon became entitled to the immediate possession of the property, and became the owner thereof and took the same into his possession, and while he was so lawfully in possession thereof, the defendant wrongfully took it and converted it to his own use without regard to a notice given to him that plaintiff was the owner.

These allegations show that the mortgage debt had become due, but the defendants contend, in support of their demurrer, that the complaint is defective in not averring that default had been made in the payment thereof. Though the default is not

alleged in terms, we think enough was stated to entitle the plaintiff to maintain the action. He alleges that, at the time of the conversion by the defendant, he, the plaintiff, was owner of the property and lawfully in possession thereof. These allegations would have been sufficient without setting forth in detail how he acquired the title and possession, and though in attempting to do so he omitted to state, in terms, the default in complying with his demand of payment, yet such default is consistent with and clearly to be implied from the facts stated, and the omission to mention it does not vitiate the general averment of title and possession. The substance of the complaint is that he became owner under a mortgage which was past due, and under which he had taken possession and was lawfully in possession.

The judgment should be affirmed.

All concur, except MILLER and TRACY, JJ., absent.

Judgment affirmed.