\* THOMAS F. HAYES, as Substituted Assignee of DUNCAN A. GRANT, Appellant, v. ALEXANDER V. DAVIDSON, as Sheriff of the City and County of New York, Respondent.

*Action against a sheriff for the wrongful seizure of goods — when creditors who have severally indemnified the sheriff may be allowed to defend the action — Code of Civil Procedure, sec. 1421.*

The plaintiff, as the successor of the general assignee of one Grant, brought this action against the sheriff of New York to recover a stock of goods and fixtures which had been seized by him, after the execution of the assignment, under attachments and executions issued against Grant. All the property was seized by the sheriff on January fourth under four attachments and one execution issued by different creditors. Other attachments were issued to him on January twelfth and January twenty-sixth, and another execution on January fourteenth, and subsequently three other executions, so that the sheriff finally held possession of the property under six attachments and five executions. The creditors for whose benefit the property was seized under the attachments, and two of the creditors in the executions, subsequently and at different times, severally delivered to the sheriff bonds to indemnify him from loss by reason of holding the property. The sheriff subsequently sold the property seized, with the exception of a portion thereof which was returned to the plaintiff. After these bonds had been given, the attaching creditors and the creditors in the two executions, who had given them, applied to the court for and procured an order substituting them as defendants in the place of the sheriff under the authority of section 1421 of the Code of Civil Procedure.

*Held*, that the order was properly made and should be affirmed. (Davis, P. J., dissenting.)

Where parties, after the seizure of property by a sheriff, furnish him with indemnity against liability for his acts in taking, holding and disposing of it, they make themselves parties to the wrong, if a wrong was committed by the seizure, and liable for the full value of the property so seized.

Appeal from an order substituting in place of the defendant, the sheriff of New York, the obligors in bonds of indemnity given to him, to indemnify him against loss by reason of his holding certain property seized by him, against the claim of the plaintiff in the above entitled action.

*Peter Condon*, for the appellant.

*Geo. F. Langbein*, for the indemnitors of Arnold, Constable & Co.

*Edward S. Hatch* and *Blumenstiel & Hirsch*, for the respondent.

* Decision handed down November 11, 1884.

DANIELS, J.:

The property in suit and for the value of which the plaintiff, as substituted assignee, claims to recover against the sheriff, consisted of a stock of goods and fixtures contained in the store 28 West Twenty-third street, occupied by Duncan A. Grant. He had previously made a general assignment for the benefit of his creditors, to a predecessor of the plaintiff, who commenced this action as substituted assignee. After the assignment, the property was seized by the sheriff on the 4th of January, 1884, under four attachments and one execution, issued in favor of as many different creditors. The sheriff, on the fourth of January, seized and took possession of all the stock and fixtures contained in the store previously occupied by the debtor. After that, and on the 12th of January, 1884, another attachment was issued to him, and still another on the twenty-sixth of the same month, and on the fourteenth of that month another execution was issued to him against the same debtor. Three other executions were also issued and the sheriff finally held possession of the property under all the attachments and the five executions. The creditors for whose benefit the property was seized by the sheriff under the attachments, and the executions issued on the third and fourteenth of January, severally delivered to the sheriff bonds of indemnity to indemnify and save him harmless from loss, by reason of his holding the property against the claim of the assignee. These bonds were given at different times, but they were all stated to have contained the same condition. And under and by virtue of the indemnity so provided, and the process issued to the sheriff, he afterwards sold the property seized, with the exception of eleven cases of goods of the value of $4,000, which were returned to the plaintiff. After this indemnity had been provided for the sheriff, the attaching creditors and the creditors in the two executions, who executed the bonds with their sureties, applied to the court to be substituted as the defendants in the action in place of the sheriff, under the authority of section 1421 of the Code, and an order to that effect was made by the court, placing the applicants in the legal position, where they themselves were at liberty to take charge of the defense of the action in their own behalf.

It has been objected that the sureties to the sheriff, severally

securing the seizure of the property in this manner, are not entitled, under the authority of this section, to be substituted in his place as defendants in the action. And if any of the applicants were limited in the extent of their liability to only a portion of the property seized under any particular attachment or execution, the objection would probably be well founded, for the joint action could not be made divisible or apportioned in such a manner as to determine the amount for which a liability would arise under each respective attachment or execution. An order in such a case would subject the plaintiff to too many risks and embarrassments to render it a proper exercise of discretion under this section. If made at all in a case of that description, it would necessarily be for a division of the action under section 1424 of the Code, limiting the liability of the applicants to such part only of the property as might have been seized or taken under his or their process. But in this action no difficulty of that description can possibly be encountered, for it was after the sheriff had seized the entire stock of goods and fixtures that the several bonds of indemnity were given to him, and by virtue of these bonds the property was retained and afterwards sold. If the seizures of the property under the attachments and the executions were wrongful, the parties to these bonds rendered themselves liable for the wrong by their undertaking to save the sheriff harmless from loss for holding the property against the claim of the plaintiff.

Neither of the bonds was given to protect him from such liability as to any specific or divisible portion of the property; but the language of each of the bonds is shown to have been so broad as to include all the property which the sheriff had seized. For that reason it cannot be important to inquire whether he had made an excessive seizure or taken more property into his possession than the attachments and the executions authorized him to take, for by these bonds the parties to them took upon themselves the entire responsibility of saving the sheriff harmless from loss for taking all the property, as that had been done under the processes issued to him. For where parties, even after the seizure of property by the sheriff, furnish him with indemnity against liability for his acts in taking, holding and disposing of it, they make themselves parties to the wrong, if a wrong was committed by the seizure, and liable for the

full value of the property so seized. (*Herring* v. *Hoppock*, 3 Duer, 20; affirmed, 15 N. Y., 409; *Griffiths* v. *Hardenbergh*, 41 id., 464; *Chapman* v. *O'Brien*, 39 N. Y. Supr. Ct. R., 244.)

Whether, therefore, the sheriff seized and sold no more of the property than was necessary to satisfy the debts mentioned in the attachments and executions, or made an excessive seizure, it is not necessary to inquire, for the persons executing the several bonds assumed the responsibility of all that he had done in that respect, and subjected themselves to the liability of saving him harmless from the legal consequences of his acts. They practically combined the seizures which had been several, and previously made, and assumed their consequences as one act by means of the bonds executed and delivered to the sheriff. And the case was then presented substantially the same as a single seizure under the attachments and executions, which brought it within the spirit, if not literally within the language of section 1421 of the Code. From that time the creditors and their sureties were all united in maintaining and protecting the act of the sheriff in holding possession of and afterwards selling the property, and if any wrong or legal liability was created by his acts in doing that, the parties to each of these bonds became jointly liable for the consequences of those acts, and that presented a case within this section of the Code. (*Malcom* v. *O'Reilly*, 89 N. Y., 156; *Hessberg* v. *Riley*, 91 id., 377; *Hein* v. *Davidson*, 67 How., 148.)

It has been objected to the order that it was not made to appear by the affidavits in support of the motion that the bonds were given previous to the commencement of this suit. But if that were necessary a strong probability arises that they were so given. The first was executed and delivered on the 9th of January, 1884, and the last on the 13th of February, 1884, and it was not intimated in the affidavit made by the plaintiff that the suit against the sheriff had been commenced before that time. If that was the fact, and any advantage could be derived from it by stating it, the plaintiff should at least have suggested it in the affidavit made by him for the purpose of opposing the motion. That was not done; neither does it appear that any objection was taken to the omission of the statement on the hearing of the motion which resulted in the order. If it had then been made, proof on the subject could have been

supplied by the permission of the court, which would have removed all uncertainty as to this fact in the case. And the plaintiff's failure to present the objection at that time precludes him from deriving any advantage from it when first made upon the hearing of the appeal.

It was also objected that the order should not be made without requiring a stipulation from the indemnitors, allowing the statements or admissions made by the sheriff to be .given in evidence against them upon the trial. But the right to give such testimony cannot be an important one to the plaintiff. For proof of the fact can be readily given that the sheriff did seize the entire stock and fixtures contained in the store No. 28 West Twenty-third street, and the bonds given by the applicants, even though less in the aggregate than the value of the property, subjected them to liability for all the consequences of such seizure, and these facts, together with proof of the value of the property seized, will be all that can be required to make out the plaintiff's right to recover, in the first instance, and it will be for the defendants themselves to establish the fact, if that can be done, that they were entitled to seize the property, notwithstanding the preceding assignment of their debtor. The same evidence required to present the case against the sheriff, with the additional fact of the execution and delivery of the bonds, will present it completely and effectually against the parties executing those bonds, and no important right or interest of the plaintiff will be in any respect jeopardized or changed by substituting those parties as defendants in the action, in place of the sheriff. The fact that the sheriff also acted under three other executions in seizing and holding the property is a circumstance of no importance. For, as to all the property which he took, the parties executing the bonds rendered themselves jointly liable to the plaintiff.

The order, for these reasons, was right, and it should be affirmed, with ten dollars costs and the disbursements.

BRADY, J.:

I concur with DANIELS, J. I think his reasons are conclusive.

DAVIS, P. J..

I do not concur in the conclusions of my brother DANIELS in this case. A complete and perfect cause of action arose in favor of the

plaintiff upon the first seizure of the stock of goods on the 4th of January, 1884, when the sheriff attached and took possession of the stock of goods by virtue of the attachments and execution then in his hands. The plaintiff has a right to rely on that cause of action if he chooses. Subsequently, on other and different days, other attachments and executions came to the sheriff's hands upon which he entered attachments and levies of the same stock then in his possession. All the several creditors in whose behalf the several processes were issued after their respective levies gave several and separate bonds of indemnity to the sheriff, under which he proceeded. They all now seek to be substituted as defendants in the action against the sheriff, and to have him discharged therefrom. Under such circumstances this is neither just nor equitable. Several of the defendants are not liable for the first seizure, nor do their bonds of indemnity extend to that. If the plaintiff prefers, upon the trial of the action against the sheriff, to rely wholly on the seizure made on the 4th of January, 1884, he is entitled to do so, and for that cause the creditors who subsequently issued attachments and executions are not liable to plaintiff nor bound to indemnify the sheriff. Nor is the plaintiff under any obligation to accept as substituted defendants in his action parties who, to say the least, will have power to raise against him embarrassing and doubtful questions touching their liability for acts of the sheriff done for the exclusive benefit of others before their processes were put in his hands. The provisions of the Code for such substitution were only intended to apply to clear and plain cases of liability by indemnitors for any and all grounds of action upon which the plaintiff, at the trial, may elect to stand.

I think there are many embarrassing questions in this case that may be sprung upon the trial against the plaintiff if the substitution be made. For instance, if the sheriff were not liable for tort in the original seizure, but made himself so by subsequent misconduct affecting the property taken by which it was lost or injured in value, prior to the coming in of the second or third batches of process, the plaintiff may be greatly embarrassed in attempting to hold the last set, or, indeed, any of the indemnitors, for that cause of action. And so if he chooses to stand on trial on proof of the seizure and removal of the goods on the fourth of January, it is

difficult to see why a party who had nothing to do with that wrong would not be entitled to a nonsuit. It is not easy to see why, if all the parties sought to be substituted as defendants are brought in, it will not be necessary as against each of them to show either a joint or several wrongful act for which he is chargeable. The plaintiff may therefore be forced to establish a series of wrongs before he can make out a cause of action against all the parties, while against the sheriff he may stand upon a single one.

To my mind the case presented on the motion is not one upon which the court, in the exercise of sound discretion, ought to uphold the order of substitution. It cannot, nor indeed should it, compel a division of the action into several actions because that is imposing the burthen of several litigations upon the plaintiff where, in both fact and law, he has a single one against a single defendant of which he cannot be deprived. I think the order should be reversed, and the motion denied.

Order affirmed, with ten dollars cost and disbursements.