ALEXANDER RODGERS v. J. H. GRAHAM.

FILED APRIL 26, 1893.   No. 4092.

1. **Replevin by Mortgagee:** Sufficiency of Petition. The petition examined, and *held*, sufficient; also, that it is not objectionable because it fails to allege that the note, for the payment of which the mortgage set forth in the petition was given to secure, was due, since it states the date the note matured, which was prior to bringing of the suit.

2. ———: Costs: Demand for Possession. When the defendant in an action of replevin contests the case in the trial court on the merits, wholly on an affirmative claim of ownership and

right of possession of the property in himself, no proof of de-
mand and refusal is necessary to entitle the plaintiff to recover
costs in case the verdict is in his favor.

3. ———: USURY: COSTS.  Where, in an action by a mortgagee
against the mortgagor to recover the mortgaged chattels, it is
established that the mortgage was given to secure a usurious
loan of money, the defendant is entitled to recover costs, al-
though the verdict is in favor of the plaintiff.

ERROR from the district court of Adams county.   Tried
below before GASLIN, J.

*Bowen & Hoeppner,* for plaintiff in error.

*Capps, McCreary & Stevens, contra.*

NORVAL, J.

This is an action brought by J. H. Graham in a jus-
tice court for the recovery of possession of specific personal
property in the hands of Alexander Rodgers.   The ap-
praised value of the property taken under the replevin
writ being in excess of $200, the justice certified the pro-
ceedings to the district court, where the case was tried with-
out the intervention of a jury, which resulted in a judg-
ment in favor of the plaintiff.   The defendant prosecutes
error.

The first ground urged for reversal is that the petition
fails to state facts sufficient to constitute a cause of action.
The petition is as follows:

"The plaintiff complains of the defendant for that on
the 19th day of October, 1888, the defendant made, exe-
cuted, and delivered to the plaintiff a chattel mortgage in
words and figures following, to-wit:

"'Know all men by these presents, that Alexander Rodg-
ers, of Adams county, Nebraska, for the consideration of
five hundred and fifteen dollars, have mortgaged to J. H.
Graham the following chattel property, to-wit:   *   *   *

"'This mortgage is intended to secure the payment of

one promissory note of even date herewith, made by the said Alexander Rodgers, and payable to the said J. H. Graham, or order, as follows:

"'One for $515, due the 19th day of Dec., 1888.

"'And it is hereby agreed that if default be made in the payment of any part of said debt when due, or in case of an illegal removal or disposal of any of said property, then the whole sum hereby secured shall at once become due; and if default shall be made in the payment of any part of said debt when due, or if the holder thereof shall at any time feel insecure, he may take possession of said property, sell the same according to law, and apply the proceeds thereof on said debt. Such sale shall be held in ————, Nebraska, in Adams county.

"'Signed this 19th day of October, 1888.

"'Attest:                          ALEXANDER RODGERS.

"'J. A. TOWNSEND.'

"2. That no part of the debt secured by said chattel mortgage has been paid.

"3. That affiant has especial ownership in the above described property, and is entitled to the immediate possession of the same. That said goods and chattels are wrongfully detained from him by said defendant, and that said goods and chattels were not taken in execution or on any order of judgment against plaintiff, or for the payment of any tax, fine, or amercement issued against him; or by virtue of any order of delivery issued under the chapter of the Code of Civil Procedure providing for the replevin of property, or on any other *mesne* or final process issued against said plaintiff.

"Wherefore the plaintiff prays for judgment against the defendant for the possession of the said property, or, in case possession thereof cannot be had, for a judgment against the defendant for the value thereof and for the costs herein expended."

Counsel insist that the petition does not allege any

breach of the conditions of the mortgage, and that it does not state that the indebtedness secured by the mortgage was due.   The petition charges, in effect, that the note for which the mortgage was given to secure matured on the 19th day of December, 1888, and that no part of the mortgage debt has been paid.   The action was instituted on the 13th day of February, 1889, which was nearly two months after the note had matured.   It was unnecessary to allege specifically in the petition a breach of the conditions in the mortgage, inasmuch as it fully appears from the facts contained in the pleading that at least one of the conditions in the mortgage had been broken, by the mortgagor making default in the payment of the note.   Nor was it necessary that the petition should state specifically that the note was due, since it fully appears from the record that the same had matured long prior to the commencement of the action.   The petition discloses that the plaintiff below, by the terms of his mortgage, was entitled to the immediate possession of the property in controversy when the suit was instituted, and that the defendant wrongfully withheld possession of the same; therefore the petition is sufficient.

It is urged that the judgment for costs should not have been rendered against the defendant below because no demand for possession of the property was made before the suit was commenced.   The evidence establishes that a demand was made before the replevin writ was served, but after it was issued.   Whether a demand for the property after the issuance of the writ is sufficient the authorities are conflicting.   We are satisfied the better rule is that when the defendant refuses to surrender the property on demand of the plaintiff made after the bringing of the action, but prior to the execution of the writ, it is a good demand.   It is convincing proof that had a demand been seasonably made it would have been unavailing.   (*Badger v. Phinney,* 15 Mass., 359; *Grimes v. Briggs,* 110 Id.,

446; *O'Neil v. Bailey*, 68 Me., 429.) Had the defend-
ant surrendered the property when demand therefor was
made, it would have prevented the rendering of a judg-
ment against him for costs. This he failed to do, but
contested the case through the entire trial in the lower
court upon the theory that the plaintiff had no right to the
property and that the defendant's possession was rightful.
Such being the case, it was unnecessary to prove a demand
and refusal. (*Homan v. Laboo*, 1 Neb., 209; *Aultman v.
Steinan*, 8 Id., 109.)

The case of *Peters v. Parsons*, 18 Neb., 191, cited in
brief of plaintiff in error, is not in conflict with the con-
clusion reached. It was in that case decided that an an-
swer in an action of replevin, which is a mere general de-
nial of the facts stated in the petition, is not a waiver of a
demand for the property by the plaintiff before bringing
the action. Such an answer puts in issue every fact neces-
sary to be established by the plaintiff, including a demand,
and under it the defendant may prove any matter which
tends to defeat the cause of action. He may offer evi-
dence to establish ownership and right of possession of the
property in himself; and if he tries the case upon that
theory, he ought not, on a review of the case in the appel-
late court, to be heard to say that the plaintiff never de-
manded the property. Had Rodgers, in the case at bar,
offered no testimony under the general denial for the pur-
pose of establishing property in himself, the case cited
would be on all fours with this, but as he contested the
case on a claim that he had a right to detain the property,
the decision in 18 Nebraska lacks analogy.

It is finally insisted that the plaintiff was not entitled
to a judgment for costs for the reason that the mortgage
was given to secure a usurious loan of money. The un-
contradicted evidence shows that the note, for which the
mortgage was given to secure, was usurious to the extent
at least of $15. The plaintiff having planted his right to

recover upon a contract confessedly usurious, the defendant was entitled to recover his costs. (See *Omaha Auction & Storage Co. v. Rogers*, 35 Neb., 61.)

The judgment of the district court is affirmed, except as to costs, which is reversed, and judgment for defendant below for his costs in both courts will be rendered against the plaintiff.

JUDGMENT ACCORDINGLY.

THE other judges concur.