## REYNOLDS v. MORTON.

(No. 793; Decided January 25th, 1916; 154 Pac. 325.)

CHATTEL MORTGAGES—ACTION BY MORTGAGEE—RIGHTS OF MORTGAGEE
—PLEADINGS—SUFFICIENCY OF PETITION—DEMURRER—OBJECTION TO
INTRODUCTION OF EVIDENCE—WHEN PLEADING LIBERALLY CON-
STRUED—REMOVAL OF MORTGAGED PROPERTY—BURDEN OF PROOF—
OFFERS OF PROOF—STIPULATIONS—INJURIES TO REVERSIONARY IN-
TERESTS—PAROL EVIDENCE RULE—ORAL AGREEMENTS CANNOT VARY
TERMS OF MORTGAGE—CONVERSION—EVIDENCE.

1. Where the sufficiency of the petition is first attacked by an
oral objection to the introduction of any evidence, a lengthy
answer having been filed and the petition theretofore treat-
ed as sufficient, the petition should be construed liberally
and the objection overruled, unless there is a total failure to
allege some matter which is essential to the relief sought.

2. Where mortgaged chattels are taken and removed, the mort-
gagee, though not entitled to possession at that time, the
debt not being due, may at once maintain an action for
damages to his reversionary interests.

3. In an action by a chattel mortgagee to recover the value of
property subject to his mortgage, which has been removed,
there was annexed to the petition a copy of the mortgage
which contained a stipulation that the mortgagee might
take immediate possession in the event of a sale or re-
moval, or an attempt to sell or remove, any of the property.
*Held,* that the petition not having been questioned by de-
murrer was sufficient, though it did not expressly aver that
the mortgagee was entitled to possession.

4. Where a chattel mortgage provided that the mortgagee
should become entitled to possession in the event of a
sale or removal, or attempt to sell or remove any of the
property, the mortgagee has an immediate right to posses-
sion upon a sale or removal of any of the property. Hav-
ing this, and failing to secure actual possession, he may
sue for its value.

5. In an action by a chattel mortgagee against defendant, whom
he claimed had taken possession of mortgaged cattle, de-
fendant has the burden of proving that the lien he asserted
is superior.

6. Where an offer of proof is made as a whole and some of the
facts included in the tender are inadmissible and others
are admissible, the court is not bound to separate it, and
admit such parts as are competent, although in its discre-
tion it may do so, but a refusal to do so will not be error.

7. Oral testimony of a previous understanding between the
    parties is incompetent to vary the terms of a chattel mort-
    gage.

Error to the District Court, Niobrara County; Hon.
William C. Mentzer, Judge.

Action by John Morton against William Reynolds to re-
cover the value of certain cattle upon which Morton held a
chattel mortgage and which had been sold and removed by
the mortgagor.

Other material facts are stated in the opinion. (See also
22 Wyo. 174, 136 Pac. 795, and 22 Wyo. 478, 144 Pac. 18.)

*Allen G. Fisher* and *William P. Rooney,* for plaintiff in
error.

The mortgages in question were considered by this court
in a cause between the same parties reported in 22 Wyo.
174, 136 Pac. 795. The mortgage of Morton was not due
and was not in default at the time of the alleged conversion.
The plaintiff below is not entitled to recover in an action for
conversion. He neither alleged or proved actual possession
or a right to possession of the cattle at the time defendant
sold the cattle. (Holmes v. Bailey, 10 Neb. 300, DeClark v.
Bell, 10 Wyo. 1.) Conversion is an offense against posses-
sion, and if there is no right to possession the remedy of
conversion is not available. (Swife v. Moseley, 10 Vt.
208; Middlesworth v. Sedgwick, 10 Cal. 392; 2 Greenleaf
Ev., Secs. 642 and 643; Wilson v. Hoffman, 93 Mich. 72;
Mather v. Trinity Church, 3 Serg. & R. 509 s. c., 8 Am.
Dec. 663; Northern Pac. R. R. v. Paine, 119 U. S. 561;
Zinkle v. Cunningham, 10 Neb. 162; Ring v. Neale, 114
Mass. 111; Clark v. Rideout, 39 N. H. 238; Smith v.
Colby, 67 Me. 169; McDonald v. McKinnon, 104 Mich.
428.) The court erred in refusing to permit defendant to
show that $900 of the proceeds had been paid to Morton.
This proof was competent in mitigation of damages. (Wat-
son v. Coburn, 35 Neb. 497; Gibbs v. Chase, 10 Mass. 125;
Brady v. Whitney, 24 Mich. 154; Coburn v. Watson, 48

Neb. 257; Bigelow Co. v. Heintze, 53 N. J. L. 69; Bullard v. Madison Bank, 107 A. 772; Bucklin v. Beals, 38 Vt. 653; Hulst v. Flanders, 45 Wis. 185; Briggs Iron Co. v. North Adams &c. Iron Co., 12 Cush. (Mass.) 114; Moore v. Hill, 62 Vt. 424; Brooks v. Rodgers, 101 Ala. 111.) Defendant should have been permitted to show that Morton assented to the sale of the cattle. (Railroad Co. v. O'Donnell, 49 O. S. 489; Harker v. Dement, 9 Gill. 7; Strickland v. Barrett, 20 Pick. 415; Hills v. Snell, 104 Mass. 173; Bucklin v. Beals, 38 Vt. 653; Sigel-Campion Live Stock Co. v. Holly, 44 Colo. 580; State of Nebraska v. Omaha Nat. Bank, 66 Neb. 857; Tousley v. Board of Education, 39 Minn. 419; Union Stock Yard &c. Co. v. Mallory, 157 Ill. 554.) The petition was insufficient, as there is no allegation of possession or right to possession. (Fred Krug Brewing Co. v. Healey, 71 Neb. 662; Raymond v. Blancgrass, 36 Mont. 449, 15 L. R. A. N. S. 976; Omlie v. Farmers' State Bank, 8 N. D. 570.) The Fowler mortgage was a first lien and should have been admitted in evidence. Plaintiff had constructive notice of it. Its exclusion was based upon a strained construction of Secs. 3737 and 3733, Comp. Stats. 1910. A second mortgagee taking with knowledge of the first mortgage is estopped to defend against it on mere technical grounds. (11 Cobbey Chat. Mort., Sec. 1038; Howard v. First Nat. Bank, 44 Kan. 549; Russell v. Longmore, 29 Neb. 209; Pecker v. Silsby, 123 Mass. 108; Cassidy v. Harrelson (Colo. App.), 29 Pac. 525; Wade v. Strachan, 71 Mich. 459; Thompson v. Van Vechten, 6 Bosw. 272; Keeler v. Keeler, 31 N. J. Eq. 181; Laubenheimer v. McDermott, 5 Mont. 512; Williamson v. Railroad Co., 29 N. J. Eq. 336.) The Morton mortgage was given for a new consideration and other stock was included. (Wright v. Larson, 51 Minn. 321, 38 Am. St. Rep. 504; Ransom v. Schmela, 13 Neb. 73; Marsden v. Cornell, 62 N. Y. 215; Nix v. Wiswell, 84 Wis. 334; Corbin v. Kincaid, 33 Kan. 649; Frank v. Playter, 73 Mo. 672; Nat. Bank v. Sprague, 21 N. J. Eq. 530; Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286; The Independence Fed.

Cas. 7013, 9 Ben. 395; Wethrell v. Spencer, 3 Mich. 123; Gregory v. Thomas, 20 Wend. (N. Y.) 17; Wells, Fargo & Co. v. Alturas, 6 Idaho, 506; American Lead Pencil Co. v. Champion, 57 Kan. 352; Huber Mfg. Co. v. Sweney, 57 Ohio St. 169; Nickerson v. Wessls-Stone Merc. Co., 71 Minn. 230; Iowa Loan Co. v. Kimball Piano Co., 124 Iowa, 150; Westinghouse &c. Co. v. Citizens &c. Co., 24 Ky. Law Rep. 334, 68 S. W. Rep. 463; Aultman v. Young (S. D.), 126 N. W. Rep. 645.) The cases of Graham v. Blinn, 3 Wyo. 746, and Harle-Hass Drug Co. v. Rodgers Drug Co., 113 Pac. 791, do not hold to the contrary. A mortgage is security for the debt, not for the note which evidences the debt. (1 Cobbey Chat. Mortg., Sec. 471; Curtis v. Wilcox (Mich.), 51 N. W. Rep. 992; Austin v. Bailey (Vt.), 24 Atl. Rep. 245.) Defendant offered to prove that Morton acquiesced in and consented to the sale. It was error to exclude the offer and also to exclude an offer of proof that Morton had received proceeds from the sale. The verdict was $2,765.18 in excess of any honest sum due.

*Norton & Hagens,* for defendant in error.

An allegation of possession or right to possession was unnecessary. The action may be termed an action for damages simply. (Cone v. Ivinson, 4 Wyo. 203; Ashmead et al. v. Kellogg, 23 Conn. 70; Coles v. Clark et al., 3 Cush. 391; Merchants' and Planters' Bank v. Meyer, 20 S. W. 406; Howard v. Burnes, 24 Pac. 981.) The insecurity clause in the mortgage conferred a right to immediate possession upon removal of the property. (McGrauph v. Bishop, 48 N. W. 167 (Mich.); Canfield v. Gould & Co., 73 N. W. 550 (Mich.); Reynolds v. Fitzpatrick, 57 Pac. 452 (Mont.); Elstad v. Northwestern Elevator Co., 69 N. W. 44 (N. D.), 7 Cyc. 10; Boydston v. Morris, 10 S. W. 331 (Tex.); Williams v. Beasley, 25 S. W. 231; Holst v. Hermon, 26 So. 157 (Ala.); Ghio v. Bryne, 27 S. W. 243 (Ark.); Donovan v. St. Anthony and D. Elevator Co., 75 N. W. 809 (N. D.). Defendant's possession was wrongful from the first. (Stewart v. Long, 44 N. E. 63 (Ind.);

Adams v. Castle, 67 N. W. 637 (Minn.) ; 38 Cyc. 2032-2035.) There was no evidence of the consent on the part of Morton to the sale. The Fowler mortgage was not renewed and was invalid as against subsequent mortgagees in good faith. (Sec. 3733, Comp. Stats. 1910.) A subsequent bona fide mortgagee is one that became such after the execution of the prior mortgage. (Day v. Munson, 14 Ohio St. Reps. 488; Briggs v. Nette, 3 N. W. 231; Babbitt v. Bent County Bank, 108 Pac. 1003; Brereton v. Bennett, 23 Pac. 310.) The chattel mortgage act must be strictly construed. (Cassell v. Deisher, 89 Pac. 773 (Colo.) ; National Livestock Commission Co. v. Talliaferro, 93 Pac. 983 (Okla.) ; Mc-Cres v. Hopper, 55 N. Y. Sup. 136; Cooper v. Koppes, 15 N. E. 662 (Ohio) ; Swiggitt v. Dodson, 17 Pac. 594 (Kan.) ; Jones on Chattel Mortgages (3rd Ed.), Sec. 297.) The Fowler mortgage is inferior to that of plaintiff. (Paine v. Waite, 11 Gray. Mass. 190; Paul v. Hayford, 22 Maine, 234; Woodman v. Hunter, 36 Pac. 713 (Kan.). Where a new mortgage is taken in place of an old mortgage, it operates as a discharge and satisfaction of the old. (Herr v. Denver Milling Co., 22 Pac. 770.) If parties lose the benefits of securities through inattention and carelessness in their business, courts cannot assist them. (Wright v. Larson, 53 N. W. 712 (Minn.) The assignments with reference to the admission of testimony are not meritorious. Defendant's motion for a directed verdict was properly overruled. Evidence of conversations had prior to the execution of the Morton mortgage was incompetent to vary the terms of the mortgage itself. Assignments of error with reference to requested instructions are unworthy of consideration, as said instructions are not made a part of the record and were immaterial in any event, in view of the evidence in the case. Said requested instructions did not properly state the law. The plaintiff established a case by overwhelming testimony and defendant failed in proving a legal defense. Any error committed by the lower court was without prejudice, and defendant cannot complain of it. (Gregory v. Morris, 1 Wyo. 213; Jenkins v.

City of Cheyenne, 1 Wyo. 287; Fein v. Davis, 2 Wyo. 118; Davis v. Lumber Company, 14 Wyo. 317; David v. White-head, 13 Wyo. 189; Reynolds v. Morton, 136 Pac. 795 (Wyo.)

Beard, Justice.

In this case the defendant in error, John Morton, commenced the action to recover from the plaintiff in error, William Reynolds, the value of certain cattle upon which Morton held a chattel mortgage, and which cattle Reynolds had purchased from the mortgagor. The trial to a jury resulted in a verdict in favor of plaintiff below, and against the defendant below for $4,451.84. Judgment was entered upon the verdict, and defendant brings the case here on error.

The plaintiff's cause of action is based upon a chattel mortgage executed by one Rimington and wife to plaintiff August 26, 1909, to secure a note of that date of said Rimingtons to plaintiff for $12,726.52, and due August 26, 1912, with interest. The property described in the mortgage being, "All our herd of cattle numbering five hundred and fifty (550) head, consisting of cows, calves, steers, heifers and bulls, branded among other brands AC on any part of animal. All our herd of horses, mares and colts numbering ten (10) head, branded among other brands the following AC on left hip, together with the increase thereof." The mortgage was duly filed and indexed August 30, 1909. Plaintiff in the first count of his petition, after pleading the mortgage above referred to, and that there was still due thereon more than the amount claimed from the defendant, alleged in substance that in November, 1909, the mortgagors at the request and instigation of defendant in utter hostility to plaintiff's rights and mortgage, and in violation of and in utter disregard of plaintiff's rights in the premises, transferred, turned over and delivered absolutely, forty-seven head of calves included in said mortgage, to defendant, who wrongfully took said calves and converted the same to his own use. That defendant had full

knowledge of plaintiff's claim, and that he instigated said transfer and converted said calves to his own use fraudulently for the purpose of hindering, delaying and defrauding the creditors of the mortgagors and especially plaintiff of their just debts. That plaintiff demanded the possession of said cattle from defendant, which was refused. That said calves had become scattered and unavailable and were lost as security in plaintiff's mortgage, to plaintiff's damage in the sum of $1,175 with interest. The second count of the petition is substantially in the same language except it alleges the taking and converting of forty-two cows, forty-seven heifers, fourteen yearling steers and thirty-three calves, to plaintiff's damage in the sum of $6,289.67. The answer denies the allegations of the petition; and avers that Rimingtons were indebted to defendant for the purchase price of registered Hereford cattle sold by defendant to one Fowler, the purchase price being secured by chattel mortgage thereon and the increase thereof. That Rimingtons had assumed the payment of said indebtedness and had paid a portion of the same in 1908, 1909 and 1910, by delivering to defendant pure-blood Hereford calves, the offspring and increase of the cows mortgaged by Fowler; and that Rimington had given to defendant a mortgage on a part of said cattle in renewal of the Fowler mortgage. That during the years mentioned in the petition Rimington was openly and publicly, with the knowledge and consent of plaintiff, selling and dealing with as his own, all the grade cattle owned by Rimingtons; and that defendant, with plaintiff's knowledge and consent, so dealt with Rimington in relation to grade cattle; and if he did buy any grade cattle which were subject to any mortgage, he paid full value therefor to Rimington as agent for plaintiff, who received the same. The reply denies the new matter set up in the answer.

It is contended by counsel for plaintiff in error that the petition does not state a cause of action. It was not demurred to, and the question was first presented after plain-

tiff had introduced a part of his evidence. "The method of testing the sufficiency of the petition that was practiced in this case, by making an oral objection to the introduction of any evidence after a lengthy answer had been filed and the complaint had been treated as sufficient, is one that does not commend itself to the favorable consideration of the court. * * * * When such a mode of challenging the sufficiency of a complaint is adopted, the pleading in question should be construed liberally. Merely technical defects of averment should be overlooked, and objections thereto should be overruled, unless they are of a substantial or fundamental character; that is to say, unless there is a total failure to allege some matter which is essential to the relief sought." (George Adams & Frederick Co. v. South Omaha Natl. Bank, 123 Fed. 641, 60 C. C. A. 579.) The statement quoted is particularly applicable to the case at bar; as the objection was not made until a part of the evidence had been introduced, and was upon the ground that the petition did not allege "that plaintiff was ever in possession of any of the chattels sued for; that it is not alleged that he had the right to the possession thereof at any time prior to the time of the filing of this petition." Such averments were unnecessary in this case for the reason that a mortgagee could maintain an action for damages to his reversionary interest, although the debt secured by the mortgage was not due and he had not the right to immediate possession at the time the cattle were taken by defendant. (Jones on Chat. Mort. (5th Ed.), Sec. 449.) Moreover, a copy of the mortgage was attached to the petition, and which contained a provision that in the event of any sale or removal or attempt to sell or remove any of said property by the mortgagor without the written consent of the mortgagee, then the mortgagee might take immediate possession of the property. Thus the facts appeared which entitled plaintiff to possession, although it was not specifically averred that he was so entitled. The case is quite similar in many respects to Cone v. Ivinson, 4 Wyo. 203, wherein the distinc-

tion between stating a cause of action in a defective manner and stating a defective cause of action is clearly pointed out. (See also as bearing on the question, Malcom v. O'Reilly et al., 89 N. Y. 156, and Rogers v. Graham, 36 Neb. 730, 55 N. W. 243.) It also appears that before the objection was made to the sufficiency of the petition the mortgage had been admitted in evidence without objection on that ground. We are of the opinion that the objection coming at the time and in the manner it did was properly overruled, and that the petition liberally construed, as it should be in such circumstances, stated a cause of action. It is contended that as the debt was not due when defendant converted the cattle the evidence fails to show that defendant was entitled to possession and that to be entitled to recover plaintiff must prove either possession or the right to possession. We think plaintiff did prove his right to possession. In a case involving that question the rule, we think, is correctly stated in the case of Ellestad v. Elevator Co., 6 N. Dak. 88, 69 N. W. 44, as follows: "A stipulation is contained in the mortgage whereby the mortgagee is empowered to take possession of the grain at once, in the event of a sale or other disposition of the grain being made. The condition upon which this right came into existence happened, and *eo instanti* the mortgagee's right to take possession become operative. The defendant bought the grain with constructive notice of the mortgage, and become chargeable with notice of the stipulation to which we have referred. True, defendant acquired title as against the mortgagor (see Sanford v. Elevator Co., 2 N. D. Rep. 6, 48 N. W. Rep. 424), but took such title with the burden of the mortgage. The mortgagee lost no rights under his mortgage by reason of the sale. The sale entitled the mortgagee to demand and sue for the possession, if the property could be had, and where, as in this case, the property had been converted, the holder could sue for its value. The sale gave plaintiff the right to the immediate possession of the property for the purpose of foreclosure. Having this, and fail-

ing to secure the actual possession, plaintiff is entitled to sue for its value." That a mortgagee entitled to possession may maintain an action against one who deprives him of the property which is his security was held by this court in Cone v. Ivinson, *supra*. (See also Wright v. Starks, 77 Mich. 221, 43 N. W. 868; Grove v. Wise, 39 Mich. 161; Rodgers v. Graham, 36 Neb. 730, 55 N. W. 243; Bailey v. Godfrey et al., 54 Ill. 507, 5 Am. Rep. 157; Jorgensen v. Tait, 26 Minn. 327, 4 N. W. 44; Welch v. Whittmore, 25 Me. 86; Manning v. Monaghan, 23 N. Y. 539; Forbes v. Parker, 33 Mass. 462.)

The answer does not state the dates of the mortgages defendant claimed to hold, when due or when, if ever, filed. But it appears that the Fowler mortgage was dated July 13, 1907, and was filed the same day, the last note secured thereby falling due July 13, 1910, and covered twenty-four head of registered Hereford cows, unbranded except on the horn, and were described in the mortgage by registry number and number on the horn. Also one registered Hereford bull, unbranded, named Ben Armour; together with the increase of said cows. That mortgage was not renewed by affidavit. Fowler sold these mortgaged cattle to Rimington, probably in 1907, Rimington assuming the payment of the mortgage indebtedness, and in 1909, branded them "AC". And it appears that at the date of the mortgage to Morton all of the Rimington cattle bore that brand. Defendant offered to prove that after the Fowler mortgage became due it had been renewed or continued in force by the Rimingtons giving a new mortgage upon the same, or a part of the same cattle described in the Fowler mortgage; and his contention is that by the giving of such mortgage the lien was preserved as against Morton. But it will not be necessary to determine that question for the reason that it was not shown that any of the cattle for the conversion of which plaintiff sought to recover in this action were covered by the Fowler mortgage. Morton's mortgage included all of Rimington's cattle, and the burden was upon defend-

ant to prove that the cattle converted by him were cattle upon which he had a superior lien. That he failed to do.

It is assigned as error that the court refused to permit defendant to show that the proceeds of the cattle were paid by Rimington to Morton. The record discloses that the court did not so refuse, but offered to admit evidence to that effect. But in each instance the offer included matters clearly inadmissible. In Stickney v. Hughes, 12 Wyo. 397-412, 75 Pac. 945-949, this court said: "Where an offer of proof is made as a whole and some of the facts included in the tender are admissible, and others are inadmissible, the court is not bound to separate it, and admit such parts as are competent, although in its discretion it may do so. The refusal to do so, however, will not be error" (citing cases). The argument is directed particularly to $900 paid by Rimington to Morton in the fall of 1910. It appears that amount was credited on the note September 13, 1910, while defendant testified, from a memorandum, that he received the cattle on October 3, 1910, which would tend to show that the payment was not made from the proceeds of those cattle.

It is further contended that Morton consented to the sales of the cattle. We do not so understand the evidence. It was attempted to be shown that prior to the execution of the mortgage Morton had said he would allow Rimington to dispose of sufficient proceeds of the ranch to pay running expenses and something on the debt. But the mortgage did not so provide, and Morton testified that no such permission was ever given. Moreover, Rimington testified as a witness for defendant and made no claim that Morton had given him any such permission. The mortgage was the written contract between the parties, and oral testimony of some previous understanding was incompetent to vary its terms.

Some other questions have been discussed in the brief of counsel for plaintiff in error, but they become immaterial by reason of the conclusions we have reached on the

matters above considered.   Finding no prejudicial error in the record, the judgment of the district court is affirmed.

*Affirmed.*

POTTER, C. J., and SCOTT, J., concur.